No. 88-451

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

FATINA SMALL,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel Roth, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

John Keith, Great Falls, Montana

For Respondent:

Hon. Marc Racicot, Attorney General, Helena, Montana
Dorothy McCarter, Asst. Atty. General, Helena
Patrick L. Paul, County Attorney, Great Falls,
Montana; Stephen E. Hagerman, Deputy County Attorney

Submitted on Briefs: Dec. 16, 1988

Decided: January 5, 1989

Filed:

ED SMITH
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Defendant probationer Fatina Small appeals an order from the Eighth Judicial District, Cascade County, revoking her deferred sentence for probation violations and sentencing her to serve three years in the Montana State Prison at Deer Lodge. (Sentence suspended in its entirety.) We affirm.

The issue on appeal is whether the warrantless search initiated by defendant's probation officer pursuant to the terms of her probation violated her constitutional rights. We hold that it did not.

Defendant was charged by information on September 3, 1986, with three counts of felony drug violations for the sale of dangerous drugs as specified by § 50-32-101, MCA. Defendant plead not guilty to each count. Later, pursuant to a written plea agreement with the Cascade County Attorney's deputy, defendant plead guilty to the first count and the other two were dismissed. Defendant's sentence was deferred for three years based on certain probation conditions. The pertinent conditions read as follows:

> 1. Defendant is prohibited from possessing or using any dangerous drugs except those prescribed by a medical doctor.

> * * *

> 5. Upon reasonable suspicion that the Defendant is violating the above condition relating to the no use of marijuana or any other dangerous drug, the Defendant shall be subject to search and seizure at any time of the day or night, by any law enforcement officer, without the necessity of obtaining a search warrant.

2

Testimony indicated that special provisions were recommended in the presentence report by the Adult Probation and Parole Office due to defendant's admissions of the regular use of dangerous and illegal drugs. The provision specifically recommended by Probation Officer Rick Holzheimer read as follows:

> You shall, while on parole, or during the period of your probation if so stipulated by the Court, submit to a search of your person, automobile or place of residence by a probation/ parole officer, at any time of the day or night, with or without a warrant, upon reasonable cause as ascertained by a probation/parole officer.

The trial judge substituted his special condition number 5, supra, for the one recommended by Holzheimer.

On February 25, 1988, a confidential informant contacted Captain Robert Stevens of the Great Falls Police Department and stated that the person living at 411 Sixth Street in Great Falls (defendant's address) was dealing in marijuana and distributing it. The informant contacted Stevens again approximately two weeks later on March 4, 1988, indicating to him that drugs would be at the same location that afternoon and available for sale. Stevens testified to the reliability and on-going nature of the accurate information from this confidential informant. On both occasions, Stevens relayed this information to Detective Brian Lockerby.

Brian Lockerby notified defendant's probation officer, Rick Holzheimer, after the first contact by the informant and was informed of defendant's conditional probation at that time. After the second contact, Lockerby notified Detective Renman and then Holzheimer. Lockerby testified that he did not attempt to obtain a search warrant because he was advised of the probation provision authorizing a warrantless search

and that he anticipated Holzheimer would bring the agreement with him if they were to search defendant's premises.

After alerting Holzheimer, Renman and Lockerby went to the defendant's residence that day. They arrived about 5:00 p.m. and watched the house for approximately one hour waiting for Holzheimer to arrive.

Once Holzheimer arrived at the defendant's residence, Detective Sinnott knocked on defendant's door. The four identified themselves to the defendant and explained their presence. They entered the house at that time and found two containers of marijuana and other drug paraphernalia. Defendant was issued citations by the police at that time and was verbally advised by Holzheimer that she was in violation of her probation for possession of the drug. Holzheimer further testified that he smelled marijuana upon entering the residence and defendant's eyes were glassy.

Defendant filed a motion to suppress this evidence at the revocation hearing. The motion was denied at the June 6, 1988, hearing. Defendant appeals.

Defense counsel contends that this warrantless search initiated by the probation officer is patently unconstitutional in this case and the fruits of the search should be suppressed based on State v. Fogerty (1980), 187 Mont. 393, 610 P.2d 140. Fogerty held that the unlimited warrantless search, to be initiated without any reasonable grounds, was an unconstitutional provision in the defendant's probation conditions. However, pending the instant appeal, Fogerty was overruled by this Court in State v. Burke and Roth (Mont. 1988), ___ P.2d ___, 45 St.Rep. 2278.

Burke and Roth and its predecessors focused on the lack of a search warrant and lack of a basis for the police to institute the warrantless search. Such is not the focus

4

here, because this case turns on the conduct of the probation officer.

Defendant's probation officer in the case at bar not only initiated the search of defendant's residence, but was present and actually participated in it. The officers testified that they waited in front of the residence for one hour for Holzheimer to arrive and direct the search. Probation Officer Holzheimer testified that he authorized the search, went to the premises to authorize and supervise the search and was accompanied into the house by law enforcement personnel for his own safety.

Such conduct is constitutionally sound under Montana law. We need not discuss the warrantless search on a Fogerty, Burke and Roth analysis of the search provision itself, because the search in this case was instigated and supervised by a probation officer and was not independent police action. Such a search by a probation officer of his probationer, probationer's car, premises or other belongings is lawful. As was stated in Burke and Roth: "The probation officer must be able to supervise the probationer, and upon his judgment and expertise, search the probationer's residence or cause it to be searched." 45 St.Rep. at 2283.

Additionally, reasonable grounds existed to initiate the probation officer's search. The communications between the Great Falls Police Department and the Adult Probation and Parole Office as well as the testimony of Officer Stevens evidence the reliability of the confidential informant.

Thus, it was reasonable to rely on the accurate information from the confidential informant and to act on that information.

Because the search of probationer's residence was initiated by her own probation officer based on a reasonable suspicion of a probation violation, the search of Fatina

5

Small's residence was lawful.  Defendant's motion to suppress evidence was properly denied.  We find no abuse of the trial court's discretion based on the foregoing substantial credible evidence in this case.

Judgment affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices