No. 90-128

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE OF MONTANA,

      Plaintiff and Respondent,

-v-

DALE GARBERDING,

      Defendant and Appellant.

FILED

NOV 26 1990

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Twentieth Judicial District,
In and for the County of Sanders,
The Honorable C. B. McNeil, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

            Neil M. Leitch, Missoula, Montana
            Allen M. Ressler; Browne & Ressler; Seattle,
            Washington

      For Respondent:

            Hon. Marc Racicot, Attorney General; Jennifer
            Anders, Asst. Atty. General; Helena, Montana
            Robert Slomski; Sanders County Attorney; Thompson
            Falls, Montana

Submitted on Briefs: September 6, 1990

Decided: November 26, 1990

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

After waiving his right to a jury or bench trial, defendant, Dale Garberding (Garberding), submitted his case to the District Court of the Twentieth Judicial District, Sanders County, on the basis of police reports, documents and records on file. He was convicted of criminal possession of dangerous drugs with intent to sell, a felony, and criminal possession of drug paraphernalia, a misdemeanor. From that conviction, Garberding appeals. We affirm.

The issues for our review are:

1. Whether the search warrant was issued upon probable cause?

2. Whether Garberding was entitled to an evidentiary hearing to challenge alleged misstatements or omissions in the search warrant?

3. Whether the State met its burden of proving that Garberding intended to sell the marijuana seized from his residence?

The application for search warrant provided the following facts: In February 1988, Sheriff Alexander (Alexander) of the Sanders County Sheriff's Office, received a telephone call at his residence from an anonymous female informant (Caller 1). Caller 1 reported that Garberding was growing marijuana in a room below his residence in Heron, Montana. Caller 1 reported that the growing operation was concealed and could not be seen from outside the residence. The caller also reported that Garberding was selling marijuana. Subsequently, Alexander obtained a teletype

criminal record of Garberding which showed that he had been convicted of marijuana distribution and was sentenced to three years probation in Seattle, Washington on November 23, 1983.

A deputy sheriff, Gene Arnold (Arnold) spoke with Alexander during the investigation and stated that prior to his employment with the Sanders County Sheriff's Office, he had been in Garberding's residence as an employee of Clark Fork Gas to repair a gas furnace. Arnold stated that while in the residence he smelled marijuana.

On March 13, 1989, over a year after the call of Caller 1, Alexander received a telephone call from a female informant (Caller 2). Caller 2 advised Alexander that her husband had asked her to contact the sheriff's office to report that Garberding had a marijuana-growing operation in a room beneath his residence in Heron, Montana, and that there were approximately 20 mature marijuana plants and 20 to 40 new starter plants.

The next day, the husband (Caller 3) of Caller 2 called the sheriff's office to report that he had been in the Garberding residence in the past two weeks and had personally observed the marijuana grow operation. He informed Alexander that the operation resulted in sales of three to four thousand dollars per week of marijuana. He gave specific directions to the location of the grow operation, stating that it was concealed in a room beneath the house which was accessed by a stairway from the back door. At the bottom of the stairway there were some shelves with jars on them, and that behind these shelves was a swinging door leading to the

3

marijuana-growing operation. Caller 3 also reported that there was a dehydrator device upstairs in the residence used to dry the marijuana in preparation for sale.

After receiving this information, Alexander applied for a search warrant. After finding that there was probable cause, Justice of the Peace Beitz issued a search warrant to search Garberding's residence for any or all items listed in the warrant. Alexander executed the search warrant on March 15, 1989. The search resulted in the recovery of eleven mature marijuana plants between three to four feet in height; twelve smaller plants, many times in excess of sixty grams in weight; three trays containing marijuana leaves; drug paraphernalia; and various devices used to cultivate marijuana. The next day Alexander and other officers at the Sheriff's Office cut and weighed one of the mature plants. It weighed 262 grams.

Garberding was charged in a four-count information with the crimes of: Count I - Criminal Possession of Dangerous Drugs with Intent to Sell, a felony, § 45-9-103, MCA; Count II - Criminal Possession of Dangerous Drugs, a felony, § 45-9-102, MCA; Count III - Criminal Sale of Dangerous Drugs, a felony, § 45-9-101, MCA; Count IV - Criminal Possession of Drug Paraphernalia, a misdemeanor, § 45-10-103, MCA. The State dismissed Count III, and the District Court ruled by stipulation of the parties that Count II was a lesser included offense of the felony charged in Count I.

Garberding moved to suppress all items seized from his residence on the ground that the search warrant was issued on less

than probable cause. In the alternative, he moved for an evidentiary hearing pursuant to Franks v. Delaware (1978), 438 U.S. 154, to establish his claims of omission and misstatements of material fact contained in the search warrant application. The District Court denied Garberding's motion to suppress, concluding that the facts alleged in the affidavit, when considered in their totality, sufficiently established probable cause for issuance of the search warrant. In a supplemental order, the District Court ruled that the search warrant application contained no deliberate falsehoods or material omissions which would require excising that information from the application for a determination of probable cause pursuant to Franks.

Garberding waived his right to a jury or bench trial, and agreed to submit the case to the court on the basis of police reports, documents and records on file. He was convicted of criminal possession of dangerous drugs with intent to sell and criminal possession of drug paraphernalia. Garberding was sentenced to 20 years with 10 years suspended on the intent to sell conviction and 6 months in the Sanders County Jail on the possession of drug paraphernalia conviction. The court also designated Garberding a dangerous offender for purposes of parole eligibility. From these convictions, Garberding appeals.

I

Whether the search warrant was issued upon probable cause?

Garberding maintains that the magistrate must determine the existence of probable cause solely from the evidence "in the four

corners of the search warrant application". He contends that the only facts on the application for a search warrant were (1) that he had a 1983 conviction relating to marijuana; (2) a deputy sheriff had smelled marijuana at Garberding's residence; and (3) undisclosed, unverified and anonymous informants stated he had a grow operation in his home. He urges that these facts failed to establish the probability of criminal activity. He argues that where no information of an informant's veracity or reliability is provided, and the remaining facts in totality do not otherwise provide a basis to conclude probable cause exists, the warrant fails.

The State maintains that the probable cause requirement need not equate with a prima facie showing of criminal activity, but rather the warrant application need only contain facts sufficient to indicate a probability that incriminating items, namely items reasonably believed to be connected with criminal activity, are located on the property to which entry is sought. The State urges that the test is not whether any individual fact, standing alone, is sufficient to justify issuance of a warrant, but rather that the facts presented in the search warrant application, when considered as a whole, must meet the totality of the circumstances test. The State relies on United States v. Harris (1971), 403 U.S. 573, 581, 583, for the proposition that prior criminal activity of a similar nature, even if unverified, enhances an informant's tip that a person is presently engaged in criminal conduct. Thus, the State argues that under the totality of the circumstances test, Justice

6

of the Peace Beitz was entitled to consider the information presented in the search warrant application as a whole, including past offenses, when assessing probable cause.

In United States v. Harris, the United States Supreme Court stated:

> Corroboration through other sources of information reduced the chances of a reckless or prevaricating tale; that petitioner was a known user of narcotics made the charge against him much less subject to scepticism than would be such a charge against one without such a history. . . . Trials are necessarily surrounded with evidentiary rules developed to safeguard men from dubious and unjust convictions. But before the trial we deal only with probabilities that are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.
> We cannot conclude that a policeman's knowledge of a suspect's reputation--something that policemen frequently know and a factor that impressed such a "legal technician" as Mr. Justice Frankfurter--is not a "practical consideration of everyday life" upon which an officer (or a magistrate) may properly rely in assessing the reliability of an informant's tip.

United States v. Harris, 403 U.S. at 581-583. The Supreme Court also makes it clear that the "issue in warrant proceedings is not guilt beyond a reasonable doubt but probable cause for believing the occurrence of a crime and the secreting of evidence in specific premises".

The degree of consistent detail provided by the three informants not only added to the totality of the circumstances to establish probable cause, but also substantiated their reliability. Here, the application showed that Garberding had a previous conviction of marijuana distribution and that there was a fair probability he was still so engaged. We hold that the search

7

warrant was issued upon probable cause.

## II

Whether Garberding was entitled to an evidentiary hearing to challenge alleged misstatements or omissions in the search warrant?

Relying on Franks v. Delaware (1978), 438 U.S. 154, Garberding contends the District Court erred when it denied him an evidentiary hearing to evaluate probable cause based on facts which were allegedly omitted from the search warrant application. He maintains that missing was the critical fact that Sheriff Alexander's failure to reveal the primary informant's criminal background as a felon and that the informant received a cash reward from the sheriff for his information.

The State urges that even if intentionally omitted by Alexander, the absence of this information does not affect a probable cause determination because the informant was not presumed reliable and additional facts about his criminal history would not have affected his credibility. The State maintains that the accuracy and detail of the primary informant's tip based on personal observation established the primary informant's reliability, whether or not he was involved in drugs himself. Furthermore, the State points out that Garberding has presented no facts that show that Alexander intentionally or even recklessly omitted any facts from the application, which Franks, 438 U.S. at 155, requires before an evidentiary hearing on probable cause is justified.

The Franks court held:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

Franks, 438 U.S. at 156. Sheriff Alexander's failure to reveal the primary informant's criminal background as a felon and that the informant received a cash reward from the Sheriff for his information does not justify a Franks hearing. The fact that the primary informant was a convicted felon and was paid for his tip does not cast doubt on the reliability of his information. In United States v. Harris, the Supreme Court stated that the fact that an informant admitted to his own criminal activity and was paid for his information added credit to his tip. A person of known criminal activity or a person admitting his own criminal activity is not likely to place himself in such a dubious position unless he is telling the truth. Thus, such an omission does not require a Franks hearing. Garberding's arguments of alleged omissions and misstatements do not persuade this Court that a Franks hearing was necessary. The search warrant showed probable cause for believing the occurrence of a crime and the secreting of evidence in specific premises. See United States v. Harris (1971), 403 U.S. at 584. We hold that Garberding was not entitled to a Franks hearing to challenge the search warrant.

## III

Whether the State met its burden of proving that Garberding intended to sell the marijuana seized from his residence?

9

Garberding maintains there is no evidence to support a conviction of possession with intent to sell, § 45-9-103, MCA. He maintains that the only factor cited by the court in support of its conclusion that he intended to sell the marijuana was the court's characterization of his growing operation as "large" and "sophisticated". He urges that the seizure of eleven plants, even combined with the numerous smaller plants and seeds, does not constitute a large and sophisticated operation.

The State points out that Garberding authorized the District Court by a written waiver to enter findings and conclusions based upon police reports, documents and records. The District Court concluded that:

5.    The Defendant knowingly possessed the marijuana with the intent to sell it.

6.    Defendant's intent can be inferred from the large quantity of marijuana and the packaging materials, scales, packaged marijuana, and other paraphernalia, and the large scale, intentionally concealed, automated and sophisticated marijuana grow operation.

The State refers to the annotations to § 45-9-103, MCA, which state that "there is a conclusive presumption of no intent to sell where marijuana is possessed in amounts less than one kilogram." The State argues the weight of the marijuana alone would have precluded application of the conclusive presumption in Garberding's favor. It urges that it is customarily the presence of drugs in combination with other items consistent with sales activities and inconsistent with personal use which establish intent to sell. Here, Garberding had in his possession evidence of intent to sell including: 23 confiscated plants; three trays of marijuana leaves;

a tray containing marijuana buds being cloned; a box containing drug paraphernalia; and numerous items used to cultivate marijuana, including timing and electrical devices, fans, vents, grow lights, fertilizer, potting soil, a water pump, thermometer, a timer, and a carbon dioxide canister and hoses; bags of marijuana; a seed catalog; and two scales used to weigh marijuana.

Considering the quantity of the marijuana and other items confiscated, we conclude that there is substantial evidence showing an intent to sell. We hold that the State met its burden of proving that Garberding intended to sell the marijuana seized from his residence.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

11

Justice William E. Hunt, Sr., dissenting:

I dissent. The application for search warrant in this case is void of any evidence to support a finding of probable cause to authorize a search of the defendant's premises.

The "four corners" of the search warrant application consists of certain facts, the total of which should indicate a probability that incriminating items are located on the subject's premises. While it is true that we have abandoned the two-pronged Aguilar-Spinelli test, "veracity" and "basis of knowledge," in favor of the more subjective "totality of the circumstances" test, those "circumstances" must at least possess a reasonable degree of independent integrity in order to contribute to a probable cause conclusion. The three circumstances test in this search warrant application--informants, an aged impression, and a prior conviction--fall pitifully short of that standard.

The majority concluded that the "degree of consistent detail provided by the three informants," in addition to two other facts, established probable cause. First of all, the three informants did not provide consistent detail. One anonymous person, Caller No.1, called Alexander thirteen months before the arrest and stated that Garberding was growing and selling marijuana. That information was never checked by Alexander, was certainly not detailed, and was stale by the time of the present search. Further, the anonymity of Caller No.1 made it impossible to ascertain the "veracity" and "basis of knowledge" of that person, which are highly relevant according to Illinois v. Gates, 462 U.S. 213, 230, 103 S.Ct 2317,

12

2328 (1983). All in all, Caller No. 1 fails as a reliable informant for probable cause purposes.

Caller No. 2 told Alexander that her husband had asked her to call and report that Garberding had a marijuana growing operation. Presumably she received the detail contained in her call from her husband who had asked her to make the call; she therefore fails as an independent informant substantiating the reliability of the other two.

Caller No. 3 indeed provided a detailed description of the premises, but a detailed description standing alone does not establish probable cause. As the defendant notes:

> The notion that great detail implies personal observation rather than overhearing of barroom gossip, presupposes an honest informant. If the informant were concocting a story out whole cloth, he could fabricate in fine detail as easily as with rough brush strokes. Minute detail tells us nothing about "veracity."

Stanley v. State, 313 A.2d 847, 862 (Md. App., 1974).

The foregoing establishes that the District Court had only one informant on which to rely. The other two facts contained in the four corners of the search warrant application are vague and remote at best.

One of those facts is that a deputy sheriff told Alexander that three or so years ago when he had been an employee of Clark Fork Gas, he had smelled marijuana at that residence while he was repairing a gas furnace. Garberding was not even on the premises at the time, and the deputy said he smelled the marijuana on some boys there who helped him load up a generator.

13

The other fact on which the majority relies is that Garberding had been convicted of marijuana distribution over five years prior to this arrest. Reliance on that fact not only takes the totality of the circumstances test to the point of the ridiculous, it comes dangerously close to suggesting that persons with previous convictions have fewer Fourth Amendment protections than those without.

In short, today we hold that an over five-year-old prior conviction, combined with a three-year-old sensory impression of the premises, combined with highly questionable informants' tips, establish probable cause within the meaning of the Fourth Amendment. It is difficult to believe that there could be more far-fetched, remote and questionable facts to support the "totality of circumstances test" than those used by this Court in this case.

We also conclude today that 23 plants and various cultivation materials constitute substantial evidence showing an intent to sell. The cases cited in the State's brief discuss seizure of numerous individually packaged bags of drugs, packaged in a ready-to-sell manner, as evidence of intent to sell. Unlike any cases cited by the State, a search of Garberding's residence yielded none of the packaging material found and relied upon in the cited cases. Although Garberding does not fall within the conclusive presumption of "no intent to sell where the amount is under one kilogram," it cannot conversely be concluded that there is an intent to sell when the amount is over one kilogram—absent a finding of other sale related paraphernalia. The search only revealed items needed to

grow and personally consume the marijuana. The amount confiscated itself is not indicative of an intent to sell.

Our decision today invades the Fourth Amendment protection against unreasonable search and seizure to an unconscionable extent. We have effectively replaced probable cause with possible cause--the very intrusion that the authors of the Fourth Amendment intended to prevent. We have further ignored evidentiary precedent in determining what constitutes possession with intent to sell. I would reverse the decision of the District Court.

_____
                Justice

I concur with the above dissent.

_____
                Justice

15