No. 90-503

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991


STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

GERALD RAYMOND HALL,

      Defendant and Appeallant.

FILED

AUG 20 1991

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Julie A. Macek, Attorney at Law,
        Great Falls, Montana

    For Respondent:

        Honorable Marc Racicot, Attorney General,
        Elizabeth L. Griffing, Assistant Attorney General,
        Helena, Montana; Patrick L. Paul, Cascade County
        Attorney, Kim Schulke, Deputy Cascade County
        Attorney, Great Falls, Montana


Submitted on Briefs:  May 30, 1991

Decided:  August 20, 1991

Filed:

_____
          Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Gerald Hall appeals the judgment of the District Court of the Eighth Judicial District for Cascade County, finding the defendant guilty of criminal possession of dangerous drugs with intent to sell. We affirm the District Court.

The issues on appeal are:

1. Whether the defendant's probation officer had reasonable cause to conduct a warrantless search of defendant's home.

2. Whether the defendant's constitutional rights were violated by his inability to question a police informant at his trial.

3. Whether there was sufficient evidence to support defendant's conviction.

Gerald Hall was placed on parole on February 20, 1986, following convictions of felony theft and criminal mischief. As a condition of his parole, Hall agreed to submit to searches by his parole officer of his person, automobile, or premises at any time with or without a warrant upon reasonable cause. He was also prohibited from possessing drugs and agreed to submit to drug testing at the request of his parole officer.

In January 1990, the Great Falls Police Department was advised by an informant, William Smith, that drugs could be purchased from Wayne Davis.

On January 9, 1990, Detective Brian Lockerby of the Great Falls Police Department purchased one-quarter pound of marijuana

from Davis and observed Davis obtain the marijuana from Hall's residence in Great Falls. The detective was informed that the seller, a man named Charlie, lived in the house with another man named Gerald.

At a briefing the next day, Lockerby discovered that a parolee named Gerald Hall lived at the residence. Lockerby contacted Hall's parole officer, Michael Redpath, and informed him of the situation. No search was conducted at that time because Lockerby wished to conduct further investigation concerning the possible sale of explosives and automatic weapons from the residence. A second attempt at purchasing drugs was unsuccessful, and a third was planned when Lockerby learned that the man identified as Charlie was in jail.

Lockerby informed Redpath that the investigation had ended. Redpath decided that a search of Hall's residence was in order. On January 23, 1990, Redpath and two detectives from the Great Falls Police Department went to the residence, advised Hall that they intended to search the house, and read him his rights. The officers found drug paraphernalia throughout the house, some of which was similar to items commonly used in drug transactions.

In the closet of Hall's bedroom, the officers found a duffle bag containing four "baggies" of marijuana and various containers commonly used to transport and sell marijuana. At the conclusion of the search, Hall was shown the duffle bag containing the marijuana and he stated to the officers that the bag and the

3

marijuana inside were his. Hall later claimed that he made the statement to protect his wife from being charged, and that the bag and its contents actually belonged to Charlie Devito, his incarcerated houseguest.

Hall was arrested and charged with criminal possession of dangerous drugs with intent to sell. He pled not guilty and filed a motion to suppress the evidence found and statements made at his residence on the grounds that his parole officer lacked reasonable grounds to search his home. A hearing was held, and Hall's motion was denied.

A jury trial commenced on June 5, 1990. The jury returned a verdict of guilty, and Hall was subsequently sentenced to serve ten years, with an additional consecutive five years added because of his designation as a persistent felony offender. Hall appeals from this judgment.

## I.

Hall maintains that his probation officer, Michael Redpath, did not have reasonable cause to conduct a search of his home without a warrant and that all evidence obtained should have been suppressed.

In State v. Burke (1988), 235 Mont. 165, 766 P.2d 254, this Court, following Griffin v. Wisconsin (1987), 483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987) set forth the standard for probationary searches. In adopting Griffin's reasonable grounds

4

standard, which is less stringent than the Fourth Amendment probable cause standard, this Court stated:

> Restrictions on a probationer are meant to assure that the probation serves as a period of genuine rehabilitation and that the community is not harmed by the probationer's conditional liberty status.
>
> * * * *
>
> In conjunction with the need for supervision, a degree of flexibility must also be accorded the probation officer. The probation officer acts upon a continued experience with the probationer, with knowledge of the original offense, and with the probationer's welfare in mind. Because of his expertise, we view the probation officer in a far superior position to determine the degree of supervision necessary in each case.
>
> This expertise would be rendered meaningless if a warrant requirement were imposed prior to a probationary search. The independent magistrate, rather than the probation officer, would ultimately make supervisory decisions. In addition, the delay associated with obtaining a warrant plus the greater evidentiary burden would, we believe, substantially inhibit the effectiveness of the probation system.

Burke, 235 Mont. at 169.

In this case, Hall's probation officer knew that Hall had tested positive for marijuana several times during his probation. In March 1989, Hall was arrested for violating the terms of his parole when his urinalysis detected marijuana use. Rather than revoke Hall's probation, an intervention program was instituted. Less than ten months later, Hall's probation officer was informed that drug sales were being conducted out of Hall's residence. In light of that information, we conclude that Hall's probation officer had reasonable grounds to conduct a warrantless search of the premises. We conclude

5

that the District Court did not abuse its discretion in denying the motion to suppress evidence gathered during the search.

## II.

Hall contends that he was denied the right to confront and cross examine William Smith, the unavailable informant whose statements led to the investigation of Wayne Davis, and that any reference during trial to out-of-court statements made by Smith violated his right to confront witnesses and was prejudicial.

Smith's statements did not form any basis for Hall's conviction. They were merely foundational to explain why Lockerby happened to be where he was when he observed the drug transaction at Hall's residence.

Furthermore, the reliability of the informant is not an issue in this case. Smith's statements were not the basis for the search of Hall's residence. His statements implicated Charles Devito, not Hall. Pursuant to the information, Detective Lockerby conducted an undercover buy of narcotics. Lockerby personally witnessed the sale of drugs from Hall's residence. It was that observation, and Hall's past drug use while on parole, that were the basis for the search of Hall's home. Therefore, the veracity of Smith's statements was never at issue, and Hall has failed to demonstrate the denial or invasion of a substantial right from which the law imputes prejudice. State v. Miller (1988), 231 Mont. 497, 507, 757 P.2d 1275, 1281.

## III.

Hall contends that there was insufficient evidence to find that the State had proven the essential elements of the crime charged

6

beyond a reasonable doubt. Specifically, Hall maintains that the State did not establish his possession of the drugs nor his intent to sell drugs.

Hall maintains that the State failed to prove that he had constructive possession of the marijuana. Hall contends that the marijuana was found in a duffle bag belonging to Charles Devito, and that the State neither proved that Hall maintained dominion and control over the drugs nor knew of their existence.

Section 45-9-103(1), MCA, requires proof that a defendant knowingly possessed dangerous drugs with an intent to sell. "Possession" is defined as "the knowing control of anything for a sufficient time to be able to terminate control." Section 45-2-101(52), MCA. Knowledge, therefore, is an element of possession. Although knowledge cannot be inferred from mere possession alone, knowledge may be proven by evidence of acts, declarations, or conduct of the accused from which an inference may be drawn. State v. Krum (1989), 238 Mont. 359, 777 P.2d 889, 891.

Hall stated after the search of his home that the marijuana in the duffle bag was his. The bag was found in Hall's bedroom closet. Where a controlled substance is found in a place subject to the joint dominion and control of two persons, possession may be imputed to either or both persons. State v. Scheffelman (1987), 225 Mont. 408, 733 P.2d 348, 352. Given the evidence, the trier of fact made a factual determination that Hall maintained constructive possession of the marijuana. State v. Smith (1983), 203 Mont. 346, 661 P.2d

7

463, 466. We conclude that there is sufficient evidence to support the jury's finding of possession.

Hall contends that there was insufficient evidence to find intent to sell. This Court has noted the difficulty of proving criminal intent on numerous occasions. Because it is seldom subject to direct proof, intent must be inferred from the acts of the accused and the facts and circumstances of the offense. State v. Crumley (1986), 223 Mont. 224, 725 P.2d 214. In this case, Hall's household contained numerous articles commonly used in drug transactions, including scales, containers, and other packaging materials. Furthermore, the drugs were individually packaged in a manner to indicate readiness for piecemeal distribution. The presence of the drugs in combination with other items consistent with sales activities and inconsistent with personal use may be used to infer an intent to sell. State v. Garberding (Mont. 1990), 801 P.2d 583, 587, 47 St.Rep 2157. We conclude that there was sufficient evidence to support the jury's verdict. Hall's conviction and the sentence imposed are, therefore, affirmed.

_____
Justice

8

We concur:

John Conway Harrison

William E Hunt Sr

Karla M. Gray

Justices

9