No. 93-578

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

Plaintiff and Respondent,

v.

MONTE CHALMERS BOSTON,

Defendant and Appellant

FILED

NOV 21 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable James E. Purcell, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William F. Hooks, Appellate Defender Office,
Helena, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General,
Kathy Seeley, Assistant Attorney General,
Helena, Montana

Robert M. McCarthy, Butte-Silver Bow
County Attorney, Brad Newman, Deputy
County Attorney, Butte, Montana

Submitted on Briefs:  August 25, 1994

Decided:  November 21, 1994

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Defendant Monte Chalmers Boston, while a parolee, was charged in the Second Judicial District Court for Silver Bow County with the offense of burglary, in violation of § 45-6-204(1), MCA. In a related case, also commenced in the District Court for Silver Bow County, Boston was charged with three counts of arson in violation of § 45-6-103(1), MCA; and eight counts of felony theft and one count of misdemeanor theft, in violation of § 45-6-301(1)(b), MCA. Pursuant to a written plea agreement, Boston pled guilty to felony burglary in one case, and arson and felony theft in the other case, but reserved his right to appeal. Boston was sentenced to 35 years in prison with 10 years suspended and 227 days credit for time served. Boston's sentence includes time for his status as a persistent felony offender. Boston appeals the District Court's denial of his motions to suppress evidence taken from warrantless searches of his home and storage garage. We affirm.

We find the following issue dispositive on appeal:

Did the District Court err when it denied defendant's motions to suppress evidence taken from warrantless searches of his home and storage garage?

### FACTUAL BACKGROUND

Boston was paroled in 1990 and, as such, was subject to the requirements of a parolee as set forth by the Board of Pardons. When Boston was paroled, he signed an agreement stating that he would abide by the rules and conditions of parole. Paragraph 7 of the State of Montana Conditions of Parole states that "[u]pon

2

reasonable cause, you shall, while on parole or probation, submit to a search of your person, vehicle or residence by a Probation/ Parole officer, at any time, without a warrant." Boston signed this form and specifically initialed this particular condition of parole, signifying that he would abide by these conditions. Boston's parole was supervised by parole officer John Kelly.

On approximately January 14, 1993, the Union Bus Terminal in Butte was burglarized and the locker and luggage area of the terminal was ransacked.

On January 20, 1993, an arson fire occurred in the National Center for Appropriate Technology (NCAT). Tire marks found outside the NCAT building were consistent with the tread and size of the tires on Boston's vehicle. In addition, a federal agent responding to the NCAT fire at approximately 4 a.m. noticed that Boston's vehicle, which was parked near his residence, had recently been used. There was frost on all the vehicles in the area except his.

Later, in January 1993, Kelly was asked by the FBI to review audio tapes. These audio tapes included a recorded phone call in which an individual attempted to extort money from the Mormon Church by purporting to have information regarding an earlier arson fire at the Mormon Church. This individual told church officials that there would be another fire and that he wanted to be paid $10,000 for exact details concerning the fire. Kelly identified the voice on the audio tape as being that of Boston.

After listening to the audio tapes and reviewing the evidence linking Boston to the NCAT fire, probation officer Kelly authorized

3

a search warrant of Boston's residence and obtained a warrant for his arrest. After his arrest, Boston verbally consented to a search of his residence.

Kelly was present for much of the search of Boston's residence but did not actually perform the search. The search of Boston's home revealed some articles possibly linking him to arson fires and the burglary.

In February 1993, probation officer Kelly was again contacted by law enforcement agencies and informed that Boston was renting a garage at a location separate from his residence. Because Boston had informed law enforcement officials that he had no other property or storage areas, Kelly, suspecting Boston's involvement in the arson, authorized a search of the garage. Kelly was present at the scene of the storage garage search, but did not actually perform the search.

On February 19, 1993, an information was filed in the Second Judicial District Court for Silver Bow County, charging Boston with felony burglary. On March 11, 1993, another information was filed in the Second Judicial District Court for Silver Bow County, charging Boston with three counts of arson, eight counts of felony theft, and one count of misdemeanor theft.

Separate attorneys were appointed to represent Boston on these charges. Both attorneys filed motions to suppress all evidence obtained from the warrantless searches of Boston's home and storage garage. The motions to suppress were denied.

4

On September 2, 1993, pursuant to a plea agreement, Boston pled guilty to burglary in one case, and guilty to arson and felony theft in the other. He was sentenced to 35 years in prison with 10 years suspended, and was given 227 days credit for time served. This sentence included time for Boston's status as a persistent felony offender. In each of the two cases, Boston reserved his right to appeal the denial of his motions to suppress.

## DISCUSSION

Did the District Court err when it denied defendant's motions to suppress evidence taken from warrantless searches of his home and storage garage?

When we review a district court's denial of a motion to suppress, we will uphold the district court if there is substantial credible evidence to support the court's findings of fact, and if those findings were correctly applied as a matter of law. *State v. Rushton* (1994), 264 Mont. 248, 254, 870 P.2d 1355 (citing *State v. Beach* (1985), 217 Mont. 132, 147, 705 P.2d 94, 103).

The Administrative Rules of Montana in effect at the time of Boston's parole, and the State of Montana Conditions of Parole, govern Boston's conditions of parole and authorize warrantless searches of parolees based upon reasonable cause. The Administrative Rule in effect at that time, 20.25.702(11), ARM, which mirrored Paragraph 7 of Boston's conditions of parole, provides that:

> Search of Person or Property — The parolee, while on parole, shall submit to a search of his person,

5

automobile or place of residence by a parole officer, at any time of the day or night, with or without a warrant, upon reasonable cause as may be ascertained by a parole officer.

In addition to this Administrative Rule, Boston's conditions of parole also authorized warrantless searches of his home or person based solely upon reasonable cause. Boston signed and agreed to these conditions of parole on August 14, 1990. These conditions of parole state, in pertinent part, at Paragraph 7, that "[u]pon reasonable cause . . . [the parolee] shall, while on parole . . . submit to a search of . . . [his] person, vehicle or residence by a Probation/Parole Officer, at any time, without a warrant."

The District Court, in its June 11 and 21, 1993, orders denying Boston's motions to suppress, relied on Kelly's testimony concerning the circumstances surrounding his decision to authorize the searches. In its orders, the District Court found that Kelly had reasonable cause to authorize the searches.

The United States Supreme Court, in *Griffin v. Wisconsin* (1987), 483 U.S. 868, 107 S. Ct. 3164, 97 L. Ed. 2d 709, held that a warrantless search of a probationer's [or parolee's] home, pursuant to a Wisconsin statute providing for such searches on reasonable grounds, satisfies the Fourth Amendment. *Griffin*, 483 U.S. at 872. Although searches usually require probable cause and a warrant, there are certain exceptions to the warrant requirement. "[W]e have permitted exceptions when 'special needs, beyond the normal need for law enforcement, make the warrant and probable-cause

6

requirement impracticable.'" *Griffin*, 483 U.S. at 873 (quoting *New Jersey v. T.L.O.* (1985), 469 U.S. 325, 351).

Parolees are still being punished and they do not enjoy absolute freedom.

> It is always true of probationers (as we have said it to be true of parolees) that they do not enjoy 'the absolute liberty to which every citizen is entitled, but only . . . conditional liberty properly dependent on . . . special . . . restrictions.'

*Griffin*, 483 U.S. at 874 (quoting *Morrissey v. Brewer* (1972), 408 U.S. 471, 480).

This Court adopted the reasoning in *Griffin* in *State v. Burke* (1988), 235 Mont. 165, 766 P.2d 254. In *Burke*, we held that "[t]his special need [of permitting a greater impingement on the rights of probationers and parolees, as stated in *Griffin*] is equally applicable to the State of Montana." *Burke*, 766 P.2d at 256. "To impose a warrant requirement for residential searches . . . would artificially raise a probationer's [or parolee's] privacy interest to a level inconsistent with conditional liberty status." *Burke*, 766 P.2d at 257. A parolee has conditional liberty and has a reduced privacy interest. In *Burke*, we stated that due to the large land mass and mostly rural population of Montana, it would be impossible for the parole officers to supervise every probationer and, as such, police officers are needed to assist probation officers. *Burke*, 766 P.2d at 257.

7

Therefore, police in Montana are an extension of the parole and probation system. In this case, the searches of Boston's home and storage garage are not facially invalid because they were actually performed by police officers rather than the parole officer.

We have held that "[t]he probation officer must be able to supervise the probationer [or parolee], and upon his judgment and expertise, search the probationer's [or parolee's] residence <u>or cause it to be searched</u>." *Burke*, 766 P.2d at 257 (emphasis added). In the case at hand, officer Kelly supervised Boston and caused his house and storage garage to be searched.

In *State v. Hall* (1991), 249 Mont. 366, 369, 816 P.2d 438, 440, this Court reiterated that "[in] *State v. Burke* . . . this Court, following *Griffin v. Wisconsin* . . . set forth the standard for probationary searches." *That standard is the reasonable grounds standard, which is less strict than the probable cause standard. Hall,* 816 P.2d at 440.

The warrantless search of a parolee's residence or storage areas, such as Boston's, does not require probable cause, but only reasonable grounds. In this case, Boston's probation officer had evidence, such as audio tapes, Armor All, gloves, a mask, and bolt cutters, linking Boston to the arson fires and the burglary. Parole officer Kelly clearly had reasonable grounds to suspect parole violations which justified the warrantless searches of Boston's home and storage garage.

8

There is substantial evidence to support the District Court's finding that officer Kelly had reasonable grounds to authorize the searches of Boston's home and storage garage.

We conclude that the District Court did not err when it denied the motion to suppress evidence gathered during the searches of Boston's home and storage garage.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

9

November 21, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

William F. Hooks
Appellate Defender
P.O. Box 200145
Helena, MT 59620-0145

Brad Newman
Deputy County Attorney
155 West Granite
Butte, MT 59701

HON. JOSEPH P. MAZUREK, Attorney General
Kathy Seeley, Assistant
Justice Bldg.
Helena, MT 59620

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy