NO.    95-507

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

JOSEPH BURCHETT,

       Defendant and Appellant.

FILED

JUL 1 1 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable Robert W. Holmstrom, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

           John I. Petak, III, Deputy Public Defender,
           Billings, Montana

       For Respondent:

           Hon. Joseph P. Mazurek, Attorney General,
           Carol Schmidt, Assistant Attorney General,
           Helena, Montana

           Dennis Paxinos, Yellowstone County Attorney,
           Daniel L. Schwarz, Deputy County Attorney,
           Billings, Montana

Submitted on Briefs:  April 25, 1996

Decided:  July 1, 1996

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

After Joseph Burchett was charged by information in the District Court for the Thirteenth Judicial District in Yellowstone County with the offense of burglary, in violation of § 45-6-204, MCA, he moved the District Court to suppress evidence seized during a search of his residence. The District Court denied Burchett's motion to suppress. Burchett pled guilty to the offense charged and reserved his right to appeal the denial of his motion to suppress. The District Court sentenced Burchett to a term of five years under the custody and supervision of the Department of Corrections. Burchett appeals the District Court's denial of his motion to suppress. We affirm the District Court.

The issue on appeal is whether the District Court erred when it denied Burchett's motion to suppress evidence seized during a probation search.

FACTUAL BACKGROUND

In 1994, Joseph Burchett pled guilty to felony assault. As a result of that plea, he was sentenced to two consecutive two-year terms. That sentence was suspended; however, Burchett was placed on probation pursuant to the rules and regulations of the State Department of Probation and Parole. Among other requirements, the rules provide that: "The probationer/parolee shall not own, possess or be in control of any firearm, including black powder, or deadly weapon as so defined by state or federal statute." Rule 20.7.1101(5), ARM. The rules also provide that: "Upon reasonable

2

cause, the probation or parole client shall submit to a search of their person, vehicle or residence by a probation/parole officer at any time without a warrant."  Rule 20.7.1101(7), ARM.

Burchett was an employee of Billings Crown Parts, a store dealing in mining equipment parts and supply, from 1990 through 1994.  During his employment with Crown Parts, Burchett possessed a key to the store.  In August 1994, Crown Parts terminated Burchett after several unexcused absences.

During the Thanksgiving holiday in 1994, Crown Parts was burglarized.  Many items, including unique tools, were stolen from a new storage room.  Law enforcement suspected an "inside job" because there was no sign of forced entry and the store employees recalled locking the building at closing time.

On December 1, 1994, Crown Parts' manager contacted law enforcement authorities and told them that he suspected Burchett and another employee as the person or persons who may have been the burglars because of their recent discharges and the fact that the burglary appeared to be an "inside job."  Law enforcement did not make a search or arrest at that time.

On January 17, 1995, Crown Parts' manager summoned Deputy Frank Dostal to Crown Parts.  He informed Dostal that one of his employees had been to Burchett's home on January 12, 1995, and had observed not only the stolen parts, but also a large cache of firearms.  The employee reported this information to the manager,

but had insisted on remaining anonymous because he feared reprisal from Burchett.

Upon receipt of this information, Dostal immediately contacted Detective Hirschi of the Yellowstone County Sheriff's Department. Detective Hirschi recalled that Burchett was on probation and contacted Probation and Parole Officer Steven Hurd of the Department of Corrections. Hurd, who remembered that Burchett's prior two convictions had involved firearms, immediately organized a search of Burchett's home. Probation and Parole Officer Pam Bunke, Detective Hirschi, and Detective Ron Armstrong of the sheriff's department assisted Hurd in the search.

Once at Burchett's home, Hurd knocked on the door, entered, and told Burchett he was conducting a "parole search." The other officers followed Hurd inside and Detective Hirschi secured the premises. In the basement of Burchett's home, Hurd, Bunke, and Armstrong discovered a large cache of military-type weapons and explosives. Although the weapons looked authentic, they were later discovered to be antique BB guns, "dummy" weapons, and explosives.

Upon discovery of the weapons, Hurd summoned Detective Hirschi to the basement. As he walked through the kitchen on his way to the basement, Hirschi discovered a boring bar and tool head, which he believed matched a description of the some of the tools missing from Crown Parts. After examining the weapons in the basement, Hirschi obtained Burchett's consent to search the premises. During the search, Hirschi discovered numerous items taken from Crown

4

Parts. After Officer Hurd arrested Burchett for violation of his probation and Detective Hirschi gave Burchett *Miranda* warnings, Burchett admitted to stealing the Crown Parts' items found in his possession.

On January 25, 1995, the Yellowstone County Attorney charged Burchett in the Thirteenth Judicial District Court with the offense of burglary. Burchett moved the District Court to suppress the seized weapons and tools because he maintained that the probation search conducted by Hurd violated his rights against unreasonable search and seizure pursuant to the United States and Montana Constitutions. The District Court denied Burchett's motion on June 6, 1995.

## DISCUSSION

Did the District Court err when it denied Burchett's motion to suppress evidence seized during a probation search?

We review a district court's denial of a motion to suppress to determine whether the court's findings of fact are clearly erroneous and whether those findings were correctly applied as a matter of law. *State v. Williams* (1995), 273 Mont. 459, 462, 904 P.2d 1019, 1021.

In this case, the facts are undisputed. Prior to the District Court's ruling on Burchett's motion to suppress, the Deputy Yellowstone County Attorney and Burchett's attorney jointly submitted stipulated facts. Based on those stipulated facts, the

District Court denied Burchett's motion to suppress. The court concluded that:

> Parole Officer Steven Hurd, after being advised by Detective Hirschi of the report that [Burchett] had a large cash [sic] of weapons in his residence had reasonable cause to conduct a search of his residence to ascertain whether or not the conditions of his parole were being violated and the warrantless search conducted by Officer Hurd with the assistance of the other officers did not violate his right, protected by either the United States Constitution or the Montana Constitution to be secure in his home against unreasonable search and seizure.

It is well established that a probation officer may search a probationer's residence without a warrant *as* long as the officer has reasonable cause for the search. Rule 20.7.1101(7), ARM; *State v. Burke* (1988), 235 Mont. 165, 169, 766 P.2d 254, 256. The "reasonable cause" standard is substantially less than the probable cause standard required by the Fourth Amendment because of the probationer's diminished expectation of privacy and because the probation officer is in the best position to determine what level of supervision is necessary to provide both rehabilitation of the probationer and safety for society. *Burke, 235* Mont. at 169, 171, 766 P.2d at 256, 257 (citing *Griffin v. Wisconsin* (1987), 483 U.S. 868). As we stated in *Burke,* 235 Mont. at 171, 766 P.2d at 257:

> To impose a warrant requirement for residential searches, on the basis of rights enjoyed by persons not on probation, would artificially raise a probationer's privacy interest to a level inconsistent with conditional liberty status. The probation officer must be able to supervise the probationer, and upon his judgment and expertise, search the probationer's residence or cause it to be searched.

In this case, however, Burchett does not contest the reasonableness of the search of his residence, but rather asserts that the search was a subterfuge by the police, who did not have probable cause to perform a Fourth Amendment search and who, therefore, involved Burchett's probation officer so that they could "proceed under the cloak of the probation and parole search clause." Because Burchett maintains that the search was an attempt by law enforcement to circumvent the warrant requirement, he asserts that the District Court erred when it determined that the search was legal pursuant to both the United States and Montana Constitutions.

There is no evidence, however, that the search of Burchett's residence was anything other than a probation and parole search. Probation Officer Steven Hurd initiated and supervised the search based on information he had received from a detective. The information, if true, would have constituted a violation of the terms of Burchett's probation. It was Hurd who knocked on Burchett's door and informed him that he was performing a "parole search" and it was Hurd who led the other officers into Burchett's home to perform the search. Such a search by a probation officer of his probationer is both lawful and constitutionally sound. *State v. Small* (1989), 235 Mont. 309, 312, 767 P.2d 316, 318.

Law enforcement assistance does not render an otherwise lawful probation search invalid. In fact, this Court has specifically recognized that Montana's probation system would be rendered

7

unworkable if police were not available to assist probation officers. *State v. Boston* (1994), 269 Mont. 300, 889 P.2d 814; *State v. Hawkins* (1989), 239 Mont. 404, 781 P.2d 259; *Burke,* 235 Mont. 165, 766 P.2d 254; *Small,* 235 Mont. 309, 767 P.2d 316. As we stated in *Burke,* 235 Mont. at 170, 766 P.2d at 257: "[W]e encourage cooperation and communication between police and probation officers. Police cooperation with probation officers is to be encouraged as an important aid to effective administration of the probation system."

In this case, based on information he received from law enforcement personnel, Probation Officer Kurd initiated and organized a probation and parole search of Burchett's residence. Hurd then carried out the search by enlisting the assistance of another probation officer and two detectives who were employed by the sheriff's department. The fact that Hurd received the information that Burchett was in violation of the terms of his probation from a police officer does not establish that the search was a subterfuge. Rather, the cooperation demonstrated in this case is exactly the type of cooperation and communication this Court has encouraged between probation officers and law enforcement personnel to aid in the effective administration of the probation system. *See Burke,* 235 Mont. at 170, 766 P.2d at 257; *Hawkins, 239* Mont. at 411, 781 P.2d at 263.

We hold that the District Court's conclusion that Probation Officer Hurd conducted **a legitimate** probation search based upon reasonable cause and that the search was not a subterfuge for the

8

police is correct as a matter of law.  We therefore affirm the District Court's denial of Burchett's motion to suppress evidence seized during a probation search.

_____
                                    Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

John I. Petak, III
Deputy Public Defender
270%1st Ave. No., Ste. 400
Billings, MT 59101

Hon. Joseph P. Mazurek, A.G.
Carol Schmidt, Assistant
Justice Bldg.
Helena, MT 59620

Dennis Paxinos, County Attorney
Daniel L. Schwarz, Deputy
P.O. Box 35025
Billings, MT 59107

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy