JUSTICE LEAPHART,
specially concurring.
I concur in the result reached in this case. However, I write separately to clarify what I believe is an important distinction in the context of probation searches. In addressing Beaudry’s argument that there must be a relationship between the violation alleged and the place to be searched, the Court states:
While our discussion above reflects our agreement with Beaudry that the facts justifying the search must bear some relationship to the place searched, that relationship exists in this case. Assuming that evidence of drug- or alcohol-related probation violations by Beaudry actually existed, what more — or even equally — likely place for it than at his residence?
In the above passage, the Court seems to hold that the necessary “relationship” exists between the alcohol related probation violations and the place to be searched, that is, the home. I query whether the alcohol related violations provide a sufficient “relationship” to justify *232 a search of the home. As the Court points out, the probation officer knew, prior to conducting the search, that Beaudry had consumed beer and had been in bars on several occasions. Accordingly, he already had sufficient evidence to revoke Beaudry’s parole for alcohol consumption.
By way of example, if a probationer were to violate the conditions of his probation by leaving the state, that infraction would not, in my view, provide “reasonable cause” to search his home. The nature of the violation is such that it does not bear fruit necessitating a search. Likewise, one need not conduct a search of a probationer’s home to substantiate that he has been drinking in bars. There is no nexus between the offense and the place searched.
On the other hand, theft is an offense for which there is “fruit;” in this case, the second .44 caliber revolver which had been reported stolen in the Baker area. As the Court points out, a probation search must be based upon “reasonable cause.” State v. Burchett (1996), 277 Mont. 192, 195, 921 P.2d 854, 856. Further, “reasonable cause” for a probation search, like “reasonable grounds” for a traffic stop under § 61-8-403(4), MCA, is a finding based upon the totality of the circumstances. See Anderson v. State Dept. of Justice (1996), 275 Mont. 259, 263, 912 P.2d 212, 214. “Reasonable cause” is thus an objective rather than a subjective standard. Anderson, 912 P.2d at 214. Accordingly, although the probation officer did not specifically focus on the missing revolver as justification for his search, the probation officer’s knowledge of the second stolen revolver was one of many pieces of information comprising the “totality of circumstances” known to the officer. Knowledge of the missing revolver must be viewed as part of the larger collection of information which led the officer to believe that Beaudry was in violation of his probation, thus giving the probation officer reasonable cause to search Beaudry’s residence. See Oregon v. Gulley (Or. 1996), 921 P.2d 396, 401. I would find the requisite nexus in the fact that Beaudry had stolen one gun in the Baker area and that another .44 caliber revolver had been reported stolen. In light of the totality of the circumstances, the search was objectively reasonable.