No. 99-013

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 144

**300 Mont. 44**

**2 P. 3d 831**

STATE OF MONTANA,

Plaintiff and Respondent,

v.

THOMAS EDWARD KRIESEL, JR.,

Defendant and Appellant.

APPEAL FROM: District Court of the Tenth Judicial District,

In and for the County of Fergus,

The Honorable John R. Christensen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Craig R. Buehler, Lewistown, Montana

For Respondent:

Joseph P. Mazurek, Montana Attorney General, John Paulson, Assistant Montana Attorney General, Helena, Montana; Thomas P. Meissner, Fergus County Attorney, Monte J. Boettger, Deputy Fergus County Attorney, Lewistown, Montana

_____

Submitted on Briefs: December 22, 1999

Decided: June 1, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1 Thomas Edward Kriesel, Jr., (Kriesel) appeals from the denial by the Tenth Judicial District Court, Fergus County, of his motion to suppress. We affirm.

¶2 The sole issue on appeal is whether the District Court erred in denying Kriesel's motion to suppress.

## STATEMENT OF FACTS

¶3 In January, 1996, Kriesel was placed on probation under a three-year deferred imposition of sentence from the Eighth Judicial District Court, Cascade County. Pursuant to the conditions of his probation, Kriesel was subject to the following provision:

> 6. The Defendant shall be subject to search and seizure of his residence, person, and/or vehicle upon the request of his probation officer at any time with or without a warrant, with or without probable cause.

> ¶4 In September, 1997, Kriesel was arrested for violating his probation, but was released to await revocation proceedings in Great Falls. After failing to report to his probation officer, Jim Simonich, (Simonich) the Eighth Judicial District Court

issued a bench warrant for Kriesel's arrest for violation of his probation.

¶5 On December 18, 1997, Simonich received a call from one of his probationers who notified him that Kriesel was on his way from Roundup to Lewistown, and described the make, color, and license plate number of the vehicle Kriesel was driving. Simonich notified a deputy from the Fergus County Sheriff's Office and the two drove to a location east of Lewistown and waited for Kriesel's vehicle. Upon observing a vehicle matching the informant's description, the deputy stopped the vehicle. Simonich identified Kriesel by way of a photograph and Kriesel was arrested on the outstanding warrant. The deputy conducted a search of the vehicle incident to arrest, and noticed a black film canister in the arm rest compartment, which a passenger identified as Kriesel's "crank." After being impounded, the vehicle was searched pursuant to a search warrant and officers seized methamphetamine and drug paraphernalia from the vehicle. Upon testing for drugs Kriesel was found to have marijuana and amphetamine in his system.

¶6 Kriesel filed several suppression motions which were denied by the District Court. Kriesel then pled guilty to the charges against him reserving the right to appeal the issues presented by his Motion to Suppress.

## STANDARD OF REVIEW

¶7 This Court's standard of review of the denial of a motion to suppress is whether the court's findings of fact are clearly erroneous and whether the findings were correctly applied as a matter of law. *State v. Keating*, 1998 MT 109, ¶ 11, 288 Mont. 447, ¶ 11, 958 P.2d 690, ¶ 11(citing *State v. New* (1996), 276 Mont. 529, 533, 917 P.2d 919, 921.

¶8 Did the District Court err in denying Kriesel's motion to suppress?

¶9 The District Court found that "there was reasonable cause for the stop of (Kriesel) given the circumstances which existed at the time." Kriesel argues that the provisions of § 46-5-401, MCA, required Simonich to have particularized suspicion in order to make an investigatory stop of Kriesel's vehicle. He claims that because Simonich and the deputy did not have such particularized suspicion or probable cause, we should declare the stop unlawful and suppress the evidence gathered pursuant to that stop.

¶10 Before the day of Kriesel's arrest, Simonich had advised one of his probationers of his interest in locating Kriesel. On the day of Kriesel's arrest, the probationer saw Kriesel and

notified Simonich of Kriesel's location. In a deposition taken after Kriesel's sentencing, the probationer who acted as Simonich's informant stated that he was not a confidential informant. He stated, however, that he had routinely provided Simonich information as a part of his requirement to stay in contact with his probation officer.

> The first time that I seen (Kriesel) after me and (Simonich) had the conversation I picked up the phone like I was asked to. . . and I would today. If some guy came around me with warrants today I would do the same thing, just like if somebody drove up in a hot car by my house I would call the law.

Kriesel claims the informant's testimony taints his reliability and therefore, there was no basis for finding a particularized suspicion to initiate the stop of Kriesel's vehicle.

¶11 Section 46-5-401, MCA, provides:

> [i]n order to obtain or verify an account of the person's presence or conduct or to determine whether to arrest the person, a peace officer may stop any person or vehicle that is observed in circumstances that create a particularized suspicion that the person or occupant of the vehicle has committed, is committing, or is about to commit an offense.

Section 46-5-401, MCA.

¶12 Kriesel argues that the informant supplied information which was not sufficiently corroborated, and therefore there was insufficient particularized suspicion to make the stop of Kriesel's vehicle. However, Simonich was not determining "whether to arrest" Kriesel; the stop was initiated to detain Kriesel under the authority of a valid outstanding warrant satisfying the probable cause requirement of § 46-6-201, MCA. As a result, the particularized suspicion requirement was satisfied. In addition, we have held that a search of a probationer's residence or vehicle does not require probable cause but rather, reasonable grounds. *State v. Olmsted*, 1998 MT 301, ¶ 39, 968 P.2d 1154, ¶ 39, 292 Mont. 66, ¶ 39.

¶13 Whether reasonable grounds exist to conduct a probationary search is a factual inquiry which should be determined based on the totality of the circumstances. *State v. Stucker,* 1999 MT 14, ¶ 32, 973 P.2d 835, ¶ 32, 293 Mont. 123, ¶ 32. The reasonable cause standard requires substantially less than the probable cause standard under the Fourth

Amendment because of the probationer's diminished expectation of privacy and the superior position of the probation officer to determine what level of supervision is necessary to provide rehabilitation and community safety. *Stucker,* ¶ 32.

¶14 The District Court found that given Kriesel's status as a probationer, the search of his vehicle was properly executed. We have placed importance on the involvement of the probation officer in the search, holding that a search instigated and supervised by a probation officer of his probationer, probationer's car, premises, or other belongings is lawful. *State v. Small* (1989), 235 Mont. 309, 312, 767 P.2d 316, 318. However, the search should be permitted only if there is an underlying factual foundation justifying the search; and the search should not be used as an instrument of harassment or intimidation. *State v. Burke* (1988) 325 Mont. 165, 171, 766 P.2d 254, 257.

¶15 The evidence presented shows there was probable cause for the stop and reasonable grounds for the resulting search of Kriesel's vehicle. The District Court's findings of fact are not clearly erroneous and were correctly applied as a matter of law.

¶16 Affirmed.

/S/ WILLIAM E. HUNT, SR.

We Concur:

S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER