No. 04-233

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 214N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

JAMES ROBERT WOOD,

        Defendant and Appellant.

APPEAL FROM:    The District Court of the Eleventh Judicial District,
                In and For the County of Flathead, Cause No. DC 2003-010(B),
                Honorable Katherine R. Curtis, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Gary G. Doran, Attorney at Law, Kalispell, Montana

        For Respondent:

            Honorable Mike McGrath, Attorney General; Micheal S. Wellenstein,
            Assistant Attorney General, Helena, Montana

            Ed Corrigan, County Attorney; Dan Guzynski, Deputy County
            Attorney, Kalispell, Montana

Submitted on Briefs:  July 26, 2005

Decided:  September 6, 2005

Filed:

_____
                      Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of nonciteable cases published in the Pacific Reporter and Montana Reports.

¶2 On October 21, 2003, a jury convicted Defendant James Robert Wood (Wood) of the felony offense of burglary. Wood appeals on three issues: (1) the District Court's denial of his motion to suppress evidence retrieved during the probationary search; (2) the District Court's denial of his motion for a mistrial regarding improper statements by a State witness; and (3) the District Court's denial of a hearing based on the issue of ineffective assistance of counsel. We affirm on all three issues.

¶3 Wood had been residing in the guest bedroom of his friend Raymond Stewart's (Stewart) residence for approximately one week when law enforcement arrested Wood for burglarizing a home. At the time, Stewart was on probation and subject to warrantless searches if circumstances reasonably indicated a violation of his probation terms. Evidence submitted to the jury at Wood's trial was obtained from a probationary search of Stewart's residence. Wood argues on appeal that the search was illegal, and therefore the evidence should have been suppressed.

¶4 Whether reasonable cause exists "to conduct a probationary search is a factual inquiry which should be determined based on the totality of the circumstances." *State v. Kriesel*,

2

2000 MT 144, ¶ 13, 300 Mont. 44, ¶ 13, 2 P.3d 831, ¶ 13; *State v. Stucker*, 1999 MT 14, ¶ 32, 293 Mont. 123, ¶ 32, 973 P.2d 835, ¶ 32. "The reasonable cause standard requires substantially less than the probable cause standard under the Fourth Amendment because of the probationer's diminished expectation of privacy and the superior position of the probation officer to determine what level of supervision is necessary to provide rehabilitation and community safety." *Kriesel*, ¶ 13; *Stucker*, ¶ 32. Wood acknowledges this precedent, but argues that Probation Officer David Castro (Officer Castro) did not have reasonable cause to search Stewart's residence. We disagree.

¶5 Based on the totality of the circumstances, Officer Castro had reasonable cause to believe Stewart violated probation, warranting a search of his residence. After Wood's arrest, law enforcement contacted Officer Castro, informing him that an individual staying in Stewart's house had been arrested for burglary with a syringe on his person. When Officer Castro went to Stewart's residence, Shannon Peltier (Peltier), Stewart's girlfriend, stated that Stewart's behavior had recently changed; she suspected because of drug use. Given Officer Castro's knowledge of Stewart's previous drug use, he had reasonable cause to find merit in Peltier's observations. During Officer Castro's conversation with Peltier, he also observed beer cans in Stewart's house. Even though Peltier claimed ownership of the beer cans, the presence of alcohol in Stewart's house constituted a violation of his probation. The totality of these circumstances provided Officer Castro with reasonable cause to search Stewart's residence. In addition, given that Wood stayed in Stewart's guest bedroom for a maximum of a week, with no lock, while Stewart and Peltier had full access

3

to the room, law enforcement properly included the guest bedroom in the search. The District Court did not abuse its discretion by denying Wood's motion to suppress fruits of the search.

¶6 Wood also appeals the District Court's decision not to grant a mistrial based on testimony from the State's witness, Detective Pat Walsh (Detective Walsh). Wood argues that Detective Walsh's testimony implied that Wood was the subject of other criminal investigations. "A district court's determination of whether to grant a motion for a mistrial must be based on whether the defendant has been denied a fair and impartial trial." *State v. Scarborough*, 2000 MT 301, ¶ 81, 302 Mont. 350, ¶ 81, 14 P.3d 1202, ¶ 81. Detective Walsh's vague comments did not cause prejudice resulting in an unfair trial. The District Court correctly denied Wood's motion for a mistrial.

¶7 Finally, Wood argues he should have had a hearing on the issue of ineffective assistance of counsel, and that his case should be reversed. The record indicates that Wood objected to his original counsel, but when given the option to postpone his trial in order to provide a second attorney with more time to prepare, Wood declined and instead requested to move forward with the original trial date. The District Court properly handled Wood's complaints regarding ineffective assistance of counsel.

¶8 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the legal issues are clearly controlled by settled Montana law, which

4

the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶9     Affirmed.

/S/ W. WILLIAM LEAPHART

We Concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ PATRICIA O. COTTER
/S/ JIM RICE