No. 01-541

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 210

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

LAWRENCE JAMES RATHBUN

        Defendant and Appellant.


APPEAL FROM:    District Court of the Seventh Judicial District,
                     In and for the County of Dawson,
                     The Honorable Richard A. Simonton, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

           Cynthia K. Thornton, Miles City, Montana

        For Respondent:

           Hon. Mike McGrath, Montana Attorney General, John Paulson, Assistant
           Montana Attorney General, Helena, Montana; Gerald J. Navratil, Scott
           Herring, Dawson County Attorney's Office, Glendive, Montana


                           Submitted on Briefs:  October 17, 2002

                                   Decided:  August 12, 2003

Filed:

                                   _____
                                         Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Lawrence Rathbun (Rathbun) was found guilty of two felony drug-related charges and one misdemeanor drug-related charge. He was sentenced to the Department of Corrections (DOC) for ten years, six years suspended, for each felony charge. He was sentenced to the county jail for ninety days for the misdemeanor charge. All sentences were to run concurrently. Rathbun appeals. We affirm.

## ISSUES

¶2    The issues before this Court are: 1) whether the District Court abused its discretion when it determined that Rathbun did not meet the burden of proof for commitment to the Department of Health and Human Services, and 2) whether the evidence presented was sufficient to support a guilty verdict to the offense of criminal possession of dangerous drugs with the intent to distribute.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    In early December 1999, officials from the Dawson County Sheriff's office, acting on a tip, visited Rathbun at his rural home approximately fifteen miles from Glendive, Montana. They explained that they had received information that Rathbun was growing, using and selling marijuana. Rathbun readily admitted to growing and using marijuana for medicinal purposes. He has long suffered from multiple sclerosis and other medical conditions and believes that marijuana eases the pain, spasms and discomfort of his various ailments. Rathbun denied ever selling marijuana but told the officers that he shared or gave

2

marijuana away on occasion. The Dawson County Undersheriff asked to confiscate the plants but Rathbun refused. The following day, the officers returned with a search warrant, took Rathbun into custody, and seized Rathbun's plants and the grow operation equipment.

¶4 On January 11, 2000, Rathbun was charged with 1) criminal production or manufacture of dangerous drugs, a felony; 2) criminal possession of dangerous drugs with intent to distribute, a felony; and 3) criminal possession of drug paraphernalia, a misdemeanor. He pled not guilty to each count. On October 30, 2000, a jury trial began and on November 1, the jury reached a unanimous verdict and found Rathbun guilty of each of the three counts.

¶5 At the March 13, 2001 sentencing hearing, the District Court imposed concurrent ten-year Department of Corrections sentences, with six years suspended, for each felony charge. The court imposed numerous conditions upon Rathbun's suspended sentence, ordering him, among other things, to pay fines, surcharges and fees and to refrain from alcohol and drug use. Additionally, Rathbun was sentenced to ninety days in county jail for the misdemeanor offense of criminal possession of drug paraphernalia, to run concurrently with the felony sentences. Rathbun appeals.

## STANDARD OF REVIEW

¶6 This Court reviews a criminal sentence for legality only. Thus, our review is confined to whether the sentence is within the parameters provided by statute. *State v. Scarborough*, 2000 MT 301, ¶ 90, 302 Mont. 350, ¶ 90, 14 P.3d 1202, ¶ 90. We review the sufficiency of evidence to support a jury verdict to determine whether, after viewing the evidence in the

3

light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Porter v. State*, 2002 MT 319, ¶ 12, 313 Mont. 149, ¶ 12, 60 P.3d 951, ¶ 12 (citation omitted).

## DISCUSSION

¶7      *Issue 1*:   Did the District Court abuse its discretion when it determined that Rathbun did not meet the burden of proof for commitment to the Department of Health and Human Services?

¶8      Section 46-14-311, MCA, requires a sentencing court to consider a defendant's claims of mental disease or defect in sentencing.  It provides:

> Whenever a defendant is convicted on a verdict of guilty or a plea of guilty or nolo contendere and claims that at the time of the commission of the offense of which convicted the defendant was suffering from a mental disease or defect that rendered the defendant unable to appreciate the criminality of the defendant's behavior or to conform the defendant's behavior to the requirements of law, the sentencing court shall consider any relevant evidence presented at the trial and shall require additional evidence as it considers necessary for the determination of the issue, including examination of the defendant and a report of the examination as provided in 46-14-202 and 46-14-206.

¶9      Additionally, § 46-14-312, MCA, provides:

> (1)  If the court finds that the defendant at the time of the commission of the offense of which the defendant was convicted did not suffer from a mental disease or defect as described in 46-14-311, the court shall sentence the defendant as provided in Title 46, chapter 18.

> (2)  If the court finds that the defendant at the time of the commission of the offense suffered from a mental disease or defect as described in 46-14-311, any mandatory minimum sentence prescribed by law for the offense need not apply and the court shall sentence the defendant to be committed to the custody of the director of the department of public health and human services

4

to be placed, after consideration of the recommendations of the professionals providing treatment to the defendant, in an appropriate correctional or mental health facility for custody, care, and treatment for a definite period of time not to exceed the maximum term of imprisonment that could be imposed under subsection (1). . . .

¶10 At the sentencing hearing, Rathbun argued that the progressive nature of his multiple sclerosis affected his cognitive function and that he suffers from mild to moderate dementia. Rathbun requested that either his sentence be suspended or that he be sentenced to the Department of Health and Human Services (DPHHS) for placement in an appropriate mental health facility.

¶11 Courts are required to consider a defendant's mental condition, in part, to better determine the appropriate commitment regime and to avoid cruel and unusual punishment. *State v. Korell* (1984), 213 Mont. 316, 690 P.2d 992. This consideration, however, must be of the defendant's mental condition "at the time of the commission of the offense of which [he was] convicted." Moreover, the mental condition must have rendered the defendant "unable to appreciate the criminality of [his] behavior or to conform [his] behavior to the requirements of law." Section 46-14-311, MCA.

¶12 The District Court explained at sentence pronouncement that it considered all of the evidence presented during the trial and during the sentencing hearing. Such evidence included, but was not limited to, 1) Rathbun's physical, mental and emotional conditions as documented and testified to by medical professionals; 2) his self-proclaimed intent to challenge Montana's laws on medicinal usage of marijuana and his apparent unwillingness to change his behavior; 3) his age and financial condition; 4) his threats to law enforcement

officers; and 5) his lack of prior criminal history. After examining and evaluating all the evidence, the court concluded that Rathbun had not met his burden establishing either that he was suffering from a mental disease or defect at the time of his offense, or that he was unable, because of his mental condition, to conform his conduct to the requirements of the law.

¶13 Upon concluding that Rathbun had failed to establish the requisite mental condition for commitment to the DPHHS, the court sentenced him to two concurrent ten-year sentences to the DOC, with six years suspended. The District Court, noting that the state of Montana had no "ideal place" for Rathbun, considering his unique needs and offense, stated that it specifically chose the DOC over a commitment to Montana State Prison based on Rathbun's circumstances.

¶14 The maximum penalty for criminal production or manufacture of marijuana is imprisonment in state prison for a term not to exceed ten years, and provides for a fine not to exceed $50,000. Section 45-9-110(4), MCA. The maximum penalty for criminal possession of dangerous drugs with intent to distribute is imprisonment in state prison for a term of not more than twenty years, or a fine in an amount not to exceed $50,000, or both. Section 45-9-103(3), MCA. The maximum penalty for criminal possession of drug paraphernalia is imprisonment in the county jail for not more than six months, a fine of not more than $500, or both. Section 45-10-103, MCA. Under these statutes, the court's imposition of concurrent ten-year sentences for both the manufacture and distribution of dangerous drugs offenses is well within the parameters of the sentencing statutes.

6

¶15    In light of the foregoing, and in light of the fact that the District Court's explanations at sentencing reflect that it properly took into account all relevant evidence in concluding that a DPHHS sentence was not indicated, we conclude that the District Court did not abuse its discretion in finding that Rathbun did not meet his burden of proof under § 46-14-311, MCA, and in sentencing Rathbun to a commitment that is within the parameters provided by the applicable statutes.

¶16    *Issue 2*: Was there sufficient evidence presented to support a guilty verdict to the offense of criminal possession of dangerous drugs with the intent to distribute?

¶17    Rathbun claims that there was insufficient evidence presented to the jury to support a guilty verdict on the charge of criminal possession of dangerous drugs with the intent to distribute. The relevant portion of the applicable statute, § 45-9-103, MCA, Criminal Possession with Intent to Distribute, provides:

> (1)   A person commits the offense of criminal possession with intent to distribute if the person possesses with intent to distribute any dangerous drug as defined in 50-32-101.

¶18    Under this statute, not only must the State prove that Rathbun possessed marijuana, which is a dangerous drug as defined in § 50-32-101, MCA, but it must also prove that he intended to distribute it. There is no dispute regarding Rathbun's possession. However, we note, as did Rathbun and the State, that the term "distribute" is not defined within § 45-9-103, MCA, or included within the definitions of criminal code terms in § 45-2-101, MCA. The State argues that the offense of criminal distribution of dangerous drugs is committed when a person "sells, barters, exchanges, gives away, or offers to sell, barter, exchange, or

7

give away any dangerous drug." Section 45-9-101, MCA. The State, therefore, concludes that the "distribution" element of § 45-9-103, MCA, has been met because Rathbun admitted to giving away marijuana. Additionally, the State argues that because Rathbun admitted to giving some marijuana away on occasion, that this was sufficient "for a rational jury to find that Rathbun possessed the marijuana with the intent to distribute."

¶19    Prior to 1999, § 45-9-103, MCA, defined the offense of criminal possession with intent to "sell" rather than "distribute." Under the previous statute, we recognized the difficulty in proving criminal intent. "Because it is seldom subject to direct proof, intent must be inferred from the acts of the accused and the facts and circumstances of the offense." *State v. Hall* (1991), 249 Mont. 366, 371, 816 P.2d 438, 441 (citation omitted). We noted in *Hall*, as well as other cases, that possession of articles traditionally used in *sales* transactions could be used to infer that a defendant intended to sell, not just personally consume, dangerous drugs. See *State v. Garberding* (1990), 245 Mont. 356, 801 P.2d 583; *State v. Hulbert* (1994), 265 Mont. 317, 877 P.2d 25. These cases are distinguishable from the case at bar, however, because of the statutory change. We have not had occasion, prior to now, to analyze the meaning of "distribute" in the amended statute.

¶20    We conclude that the lack of a definition of "distribute" in § 45-9-103, MCA, is not a fatal flaw. We can interpret § 45-9-103, MCA, as well as discern the legislative intent of the statute, based upon § 45-9-101, MCA, which precisely defines the offense of criminal distribution to include one who "sells, barters, exchanges, gives away, or offers to sell,

8

barter, exchange, or give away any dangerous drug." Rathbun admitted to giving away his marijuana on occasion; thus the elements of § 45-9-103, MCA (1999), have been met.

## CONCLUSION

¶21    For the foregoing reasons, we affirm the District Court.


                                                    /S/ PATRICIA COTTER


We Concur:


/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ JIM RICE



[end]