No. 04-729

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 250

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

WILLIAM JAMES BURKE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. CDC 2001-066
The Honorable Kenneth R. Neill, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Vince van der Hagen, Cascade County Public Defender Office, Great Falls, Montana

      For Respondent:

          Hon. Mike McGrath, Montana Attorney General, John Paulson, Assistant Attorney General, Helena, Montana; Brant Light, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs:  August 10, 2005

Decided:  October 18, 2005

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1   William James Burke (Burke), appeals from the Disposition Order of the District Court of the Eighth Judicial District, Cascade County, sentencing him to the Department of Corrections for four years pursuant to the revocation of the suspended portion of his sentence for the offense of robbery. We affirm. The issue on appeal is whether the District Court abused its discretion in rendering the sentencing decision.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2   On February 26, 2001, the State filed an Information charging Burke with the offenses of robbery and theft. The State alleged, *inter alia*, that Burke used a weapon in the process of taking money from an adult book store in Great Falls, putting the store clerk in fear of immediate bodily injury. Burke initially entered a plea of not guilty. Subsequently, however, Burke entered into a plea agreement with the State, whereby he agreed to plead guilty to the charge of robbery. In exchange, the State agreed to dismiss the theft charge and recommend a sentence of seven years to the Department of Corrections, with four years suspended.

¶3   The District Court accepted Burke's guilty plea and the plea agreement. The District Court then sentenced Burke to the Department of Corrections for seven years, with four years suspended, noting that he had "robbed a business using a handgun" and "threatened to shoot the clerk." Finally, the District Court specified various conditions applicable to the suspended portion of Burke's sentence.

¶4     After serving his time in the Montana State Prison, Burke was discharged on February 14, 2004. On May 18, 2004, Burke's probation officer, Scott Brotnov (Brotnov), filed a Report of Violation alleging, *inter alia*, that Burke had violated eight conditions of his probation by: (1) changing his place of residence without permission; (2) failing to give notice of his address change for purposes of violent offender registration; (3) failing to personally report to Brotnov and submit monthly written reports; (4) failing to report that he was arrested for vagrancy; (5) using marijuana; (6) consuming alcohol; (7) failing to attend appointments necessary to complete a mental health assessment; and (8) failing to report regarding his employment status and enrollment in GED classes.

¶5     The State then filed its Petition for Revocation of Suspended Sentence, requesting that "the suspension be revoked and sentence be executed." The District Court issued a warrant for Burke's arrest. On June 10, 2004, Burke appeared before the District Court, in custody, with court appointed counsel, denying each of the alleged probation violations. Thereafter, Burke filed a motion requesting a confidential mental health evaluation, which the District Court granted. Consequently, Dr. Michael Scolatti (Scolatti), a licensed clinical psychologist, performed a psychological evaluation of Burke and produced a report outlining his findings.

¶6     As this report discloses, Scolatti diagnosed Burke with, *inter alia*, Antisocial Personality Disorder, Borderline Intellectual Functioning, Bipolar Disorder with Psychotic Features, and Attention Deficit/Hyperactivity Disorder (ADHD). Scolatti reported that Burke's Bipolar Disorder and ADHD would significantly compromise his ability to conform

3

to the law. Further, Scolatti identified these two conditions as "relatively severe disorders that require medication," and recommended that Burke be placed at the State Hospital. As for the positive results of the evaluation, Scolatti reported that Burke gave "no indication of organic impairment, mental retardation, or psychoses." Scolatti also reported that Burke understood his legal situation, and that he had the ability to maintain a collaborative relationship with his attorney and help plan a legal strategy.

¶7 Scolatti's report was provided to the District Court and to the State. On September 7, 2004, the District Court held an evidentiary and dispositional hearing pursuant to the State's petition. Upon direct questioning by the District Court, Burke admitted violating five conditions of his probation as specified in the first five allegations noted above. He denied violating two probation conditions as specified in the final two allegations listed above. The District Court did not question Burke regarding the remaining allegation that he had consumed alcohol while on probation. After Burke had answered to the allegations, his counsel stated that although Burke was admitting a failure to report to Brotnov, he was not admitting to every alleged failure to report. Burke's counsel also asserted that Burke believed he had in fact reported to Brotnov regarding his arrest for vagrancy.

¶8 Thereafter, Scolatti testified regarding his psychological evaluation of Burke. In doing so, he indicated uncertainty as to Burke's ADHD diagnosis, stating "I am more certain that he suffers from bipolar disorder than the attention deficit disorder." Scolatti also testified regarding the impact that Burke's mental illnesses would have on his ability to

4

conform to the requirements of his probation. Further, Scolatti opined that the State Hospital would provide the best setting for treatment of Burke's condition.

¶9 Brotnov testified as to his observations regarding Burke's mental condition. He stated that he became concerned, during their first meeting, that Burke might have fetal alcohol syndrome. As a result, Brotnov testified, he referred Burke for a mental health assessment. At the conclusion of this testimony, the State argued that the District Court should revoke the suspended portion of Burke's sentence and order that he serve the remaining time in prison. Burke's counsel conceded that the suspended sentence should be revoked, but argued that the District Court should commit Burke to the Department of Public Health and Human Services (DPHHS) for treatment of his mental illnesses.

¶10 The District Court revoked the suspended portion of Burke's sentence. In rendering its sentence, the District Court acknowledged Burke's mental health issues, but found that his mental condition did not render him unable to appreciate the criminality of his behavior or conform his behavior to the requirements of the law. Thus, the District Court committed Burke to the Department of Corrections for the remaining four years of his sentence. Burke appeals, arguing that the District Court should have sentenced him to the DPHHS.

## STANDARD OF REVIEW

¶11 When a probation violation has occurred, a district court must exercise its discretion in determining an appropriate action in response to the violation. *State v. Pedersen*, 2003 MT 315, ¶ 17, 318 Mont. 262, ¶ 17, 80 P.3d 79, ¶ 17. Barring an abuse of that discretion, this Court will not intervene. *Pedersen*, ¶ 17. We also review a district court's

5

determination of the existence of mental disease or defect under § 46-14-311, MCA, to determine whether the court has abused its discretion. *State v. Collier* (1996), 277 Mont. 46, 60, 919 P.2d 376, 385. A district court abuses its discretion when it acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. *State v. Weldele*, 2003 MT 117, ¶ 72, 315 Mont. 452, ¶ 72, 69 P.3d 1162, ¶ 72.

## DISCUSSION

¶12 After Burke admitted to violating five conditions of his probation, the District Court had several options in considering an appropriate disposition. Section 46-18-203(7)(a), MCA, provides:

> (7) (a) If the judge finds that the offender has violated the terms and conditions of the suspended or deferred sentence, the judge may:
> (i) continue the suspended or deferred sentence without a change in conditions;
> (ii) continue the suspended sentence with modified or additional terms and conditions;
> (iii) revoke the suspension of sentence and require the offender to serve either the sentence imposed or any sentence that could have been imposed that does not include a longer imprisonment or commitment term than the original sentence; or
> (iv) if the sentence was deferred, impose any sentence that might have been originally imposed.

¶13 After revoking the suspended portion of Burke's sentence, the District Court proceeded to consider sentencing alternatives pursuant to the broad discretion granted by § 46-18-203(7)(a)(iii), MCA. In doing so, the District Court considered Burke's mental condition pursuant to § 46-14-311, MCA, which provides:

6

Whenever a defendant is convicted on a verdict of guilty or a plea of guilty or nolo contendere and claims that at the time of the commission of the offense of which convicted the defendant was suffering from a mental disease or defect or developmental disability that rendered the defendant unable to appreciate the criminality of the defendant's behavior or to conform the defendant's behavior to the requirements of law, the sentencing court shall consider any relevant evidence presented at the trial and shall require additional evidence that it considers necessary for the determination of the issue, including examination of the defendant and a report of the examination as provided in 46-14-202 and 46-14-206.

¶14 Section 46-14-312, MCA, specifies the proper course of action subsequent to a sentencing court's application of § 46-14-311, MCA, providing in pertinent part:

(1) If the court finds that the defendant at the time of the commission of the offense of which the defendant was convicted did not suffer from a mental disease or defect as described in 46-14-311, the court shall sentence the defendant as provided in Title 46, chapter 18.
(2) If the court finds that the defendant at the time of the commission of the offense suffered from a mental disease or defect or developmental disability as described in 46-14-311, any mandatory minimum sentence prescribed by law for the offense need not apply. The court shall sentence the defendant to be committed to the custody of the director of the department of public health and human services to be placed, after consideration of the recommendations of the professionals providing treatment to the defendant and recommendations of the professionals who have evaluated the defendant, in an appropriate correctional facility, mental health facility, as defined in 53-21-102, residential facility, as defined in 53-20-102, or developmental disabilities facility, as defined in 53-20-202, for custody, care, and treatment for a definite period of time not to exceed the maximum term of imprisonment that could be imposed under subsection (1).

¶15 Undertaking the inquiry of § 46-14-311, MCA, the District Court found that Burke's mental condition did not render him unable to appreciate the criminality of his behavior or conform his behavior to the requirements of law, stating "the evidence today does not meet the standard of 46-14-311 . . . ." Consequently, the District Court did not sentence Burke

7

to the DPHHS pursuant to the mandate of § 46-14-312, MCA, but rather, sentenced Burke to the Department of Corrections for four years, as is authorized by § 46-18-203(7)(a)(iii), MCA.

¶16    On appeal, Burke argues that the District Court should have committed him to DPHHS for placement in a facility appropriate for the treatment of his mental illness. Challenging one finding of fact under § 46-14-311, MCA, Burke argues that "[t]he District Court erred by not finding the Appellant was unable to conform his behavior to the requirements of law . . . ." In support of this argument, Burke points to Scolatti's testimony which indicated that Burke's mental illnesses would contribute to his failure to comply with probation conditions such as consistently reporting to his probation officer and completing alcohol counseling. Burke asserts "Scolatti made it very clear that Mr. Burke's mental illnesses made him unable to conform his conduct to the requirements of law when he testified that Mr. Burke's volitional control was greatly impaired by the illnesses." Burke also points to Scolatti's opinion that the most appropriate place for treatment of Burke's mental illnesses would be the State Hospital.

¶17    We do not find these arguments persuasive. As the State notes, Scolatti testified that despite Burke's mental illnesses, "he still has some volitional choice of whether or not to commit a crime." Scolatti also indicated that he could not say, to a medical certainty, that Burke's mental illnesses caused him to violate the conditions of his probation. Similarly, Scolatti conceded that he could not specify what role Burke's mental illnesses had played in his probation violations. Given this testimony, we can not say that the District Court acted

arbitrarily without the employment of conscientious judgment or exceeded the bounds of reason. We recognize that the evidence indicates Burke suffers from mental illnesses that may improve with treatment. However, we conclude that the District Court did not abuse its discretion in finding that Burke's mental condition did not render him unable to conform his behavior to the requirements of the law.

¶18 We note that the State argues §§ 46-14-311 and 46-14-312, MCA, are not applicable to probation revocation proceedings. However, we decline to address this argument. As we have held, this Court generally does not address arguments raised for the first time on appeal, preferring not to hold a district court in error for rulings or procedures in which a party has acquiesced or participated. *State v. Clay*, 1998 MT 244, ¶ 24, 291 Mont. 147, ¶ 24, 967 P.2d 370, ¶ 24. Here, the State expressly agreed, upon direct questioning by the District Court, that the inquiry of § 46-14-311, MCA, was appropriate in determining Burke's sentence.

¶19 More importantly, however, resolution of this appeal does not require that we determine whether §§ 46-14-311 and 46-14-312, MCA, apply to revocation proceedings. On its face, § 46-18-203(7)(a), MCA, gives district courts the authority to revoke an offender's probation and sentence him or her without engaging in the inquiry of § 46-14-311, MCA. Nonetheless, the District Court interposed that inquiry as an additional, and arguably unnecessary, layer of analysis in the dispositional proceeding. In doing so, however, the District Court found no facts that triggered the sentencing requirement of § 46-14-312, MCA. Thus, we conclude that the inquiry under § 46-14-311, MCA, did not affect the proceeding

9

in a way that requires this Court to determine whether §§ 46-14-311 and 46-14-312, MCA, apply to revocation proceedings.

## CONCLUSION

¶20    The District Court had wide latitude in sentencing Burke under § 46-18-203(7)(a)(iii), MCA. The record indicates that the sentencing decision was rendered pursuant to adequate consideration of the various relevant factors. For example, the District Court acknowledged Scolatti's testimony regarding Burke's mental illnesses, noted Burke's need for mental health care, and observed that the Montana State Prison has a mental health treatment program. The District Court also acknowledged various sentencing options other than prison. Finally, the District Court noted that successful treatment of Burke's mental illnesses is "uncertain," and stated that Burke "is a risk to reoffend violently."

¶21    We conclude Burke has not demonstrated that the District Court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason, resulting in substantial injustice. Thus, we hold that the District Court did not abuse its discretion in sentencing Burke to the Department of Corrections for four years.

¶22    Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE