DA 08-0227

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 68

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

FELICIA GALLMEIER,

        Defendant and Appellant.

APPEAL FROM:   District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADC-06-189
Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jim Wheelis, Chief Appellate Defender; Roberta R. Zenker, Assistant
Appellate Defender, Helena, Montana

     For Appellee:

          Hon. Steve Bullock, Montana Attorney General; Sheri K. Sprigg, Assistant
Attorney General, Helena, Montana

          Brant S. Light, Cascade County Attorney; Kory Larsen, Deputy County
Attorney, Great Falls, Montana

                         Submitted on Briefs:  January 14, 2009

                                Decided:  March 4, 2009

Filed:

_____
                           Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1    Felicia Gallmeier (Gallmeier) appeals her sentence in the Eighth Judicial District, Cascade County, for robbery.  The District Court sentenced Gallmeier to the Montana Women's Prison.  Gallmeier argued that her mental condition required the court to sentence her to the Department of Public Health and Human Services (DPHHS).

¶2    We review the following issue on appeal:

¶3    *Did the District Court abuse its discretion when it determined that Gallmeier did not meet the burden of proof for commitment to DPHHS?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶4    The State charged Gallmeier on April 17, 2006, with robbing the Community Federal Credit Union of Great Falls.  Gallmeier had walked into the credit union ten days earlier and handed a teller a note that demanded money.  The note ordered the teller not to signal for help or else Gallmeier "would do what she had to do."  Gallmeier attempted to disguise her identity by wearing a wig, a black stocking hat, and a heavy green jacket that was too warm for the weather.  The teller gave Gallmeier $8,325.  Gallmeier fled in a car that she had stolen for the robbery.  Gallmeier abandoned the car at a truck stop.

¶5    Gallmeier displayed large sums of cash after the robbery despite having no visible means of income.  She paid $900 for a new car and cash for a hotel room.  She boasted at a party that she had committed the robbery.  Gallmeier confessed to the robbery when the police arrested her.  She admitted that she "knew it was wrong."  She stated that she had bought the new car because she "wanted . . . a car that wasn't stolen."  The police found a BB

2

gun and a fake hand grenade in Gallmeier's car when they arrested her, although she claimed to have been unarmed at the time of the robbery.

¶6      The District Court held an omnibus hearing more than six weeks after Gallmeier's arrest.  The defense did not indicate that it intended to use mental disease or defect as a defense at trial or to put in issue Gallmeier's fitness to proceed.  Gallmeier wrote a series of letters to the county attorney and to her counsel.  She also personally wrote a motion for a bail reduction.  The "bizarre" nature of the documents prompted the State and the defendant's counsel to seek a mental health evaluation.

¶7      Dr. Patrick Davis (Davis), a psychologist, evaluated Gallmeier on September 29, 2006.  Dr. Davis determined that Gallmeier exhibited symptoms "consistent with the presence of recent onset Schizophrenia, Paranoid Type."  Dr. Davis noted that Gallmeier presented "clearly a marginal case," and that the psychological tests indicated the possibility that Gallmeier was "feigning" symptoms.  Dr. Davis concluded that Gallmeier presently had the capacity to understand the charges against her and that with treatment she might have the capacity to assist in her own trial.  Dr. Davis recommended that the District Court commit Gallmeier to the Montana State Hospital (MSH) "in the interest of competency restoration."

¶8      The District Court determined on November 30, 2006, that Gallmeier lacked the fitness to proceed.  The court committed Gallmeier to MSH for a period of ninety days.  MSH assessed Gallmeier's mental status on February 12, 2007, and determined that Gallmeier remained "incompetent to proceed with her legal situation at this time."  MSH noted a "reasonable probability" that Gallmeier would regain the fitness to proceed in the

"foreseeable future" given continued treatment. Gallmeier and the State stipulated to another ninety-day extension of Gallmeier's commitment.

¶9    MSH reevaluated Gallmeier on June 14, 2007. MSH concluded that Gallmeier's condition had improved with treatment, although Gallmeier continued to suffer from paranoid schizophrenia. MSH deemed Gallmeier competent to proceed with trial. The District Court conducted a review hearing of Gallmeier's status and set the matter for trial. Gallmeier filed a notice of intent to rely on mental disease or defect as a defense at trial. Gallmeier later waived her right to a jury trial and pled guilty pursuant to a plea agreement.

¶10    The State agreed to recommend a sentence of twenty years with ten years suspended. The plea agreement stated that the parties disagreed as to where the District Court should sentence Gallmeier. The State argued that the District Court should sentence Gallmeier to the Montana State Prison. Gallmeier argued for a sentence to DPHHS based on her mental condition. The District Court conducted a sentencing hearing on April 9, 2008. The court sentenced Gallmeier to twenty years in prison with ten years suspended. Gallmeier appeals.

**STANDARD OF REVIEW**

¶11    We review a criminal sentence for legality only. We consider whether the sentence falls within the parameters set by the applicable sentencing statutes. *State v. Rathbun*, 2003 MT 210, ¶ 6, 317 Mont. 66, 75 P.3d 334. We review a district court's determination of the existence of mental disease or defect under § 46-14-311, MCA, to determine whether the court has abused its discretion. *State v. Burke*, 2005 MT 250, ¶ 11, 329 Mont. 1, 122 P.3d 427. A district court abuses its discretion when it acts arbitrarily without employment of

4

conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. *Burke*, ¶ 11.

## DISCUSSION

¶12     *Did the District Court abuse its discretion when it determined that Gallmeier did not meet the burden of proof for commitment to DPHHS?*

¶13     Section 46-14-311, MCA, requires a sentencing court to consider a defendant's mental condition whenever a defendant claims that they suffered from a mental disease or defect "at the time of the commission of the offense."  *Rathbun*, ¶ 8.  The court must use any evidence "that it considers necessary" to determine if the mental disease or defect "rendered the defendant unable to appreciate the criminality of the defendant's behavior or to conform the defendant's behavior to the requirements of law."   Section 46-14-311, MCA; *Rathbun*, ¶ 8. The court shall sentence the defendant to DPHHS instead of prison only if the court finds that the defendant suffered from a mental disease or defect as defined in § 46-14-311, MCA.  *See* § 46-14-312, MCA; *Rathbun*, ¶ 9;  *see also State v. Smith*, 2000 MT 57, ¶¶ 21-24, 299 Mont. 6, 997 P.2d 768.  The defendant has the burden of proving to the trial court that he or she suffered from the type of mental disease or defect defined in § 46-14-311, MCA, at the time of the offense.  *Rathbun*, ¶ 15.

¶14     Gallmeier argues that her sentence was illegal and that it subjected her to cruel and unusual punishment.  Gallmeier contends that the District Court did not use the statutory language in § 46-14-312, MCA, and failed to make a proper finding to allow the court to sentence her to prison.  Gallmeier concedes that the District Court "complied with § 46-14-

311, MCA, except that the record contains no resulting finding according to § 46-14-312, MCA."

¶15     Gallmeier relies on *State v. Korell*, 213 Mont. 316, 690 P.2d 992 (1984). There the district court deferred to the jury's finding of criminal responsibility and refused to undermine the jury's finding by examining the issue of Korell's mental condition for the purposes of sentencing. *Korell*, 213 Mont. at 338, 690 P.2d at 1004. We determined that the district court had failed in its "basic duty to independently evaluate the defendant's mental condition." We stated that "the record must reflect the deliberative process." *Korell*, 213 Mont. at 338, 690 P.2d at 1004.

¶16     The defendant in *State v. Raty*, 214 Mont. 114, 692 P.2d 17 (1984), similarly asked the court to sentence him to MSH. The court instead imposed a twenty-year prison sentence. *Raty*, 214 Mont. at 118-19, 692 P.2d at 19-20. We considered the court's reasons for the sentence as stated at the sentencing hearing and in the sentencing order. We remanded for resentencing after concluding that "the record shows that the District Court did not fulfill its duty to independently evaluate the defendant's mental condition." *Raty*, 214 Mont. at 119, 692 P.2d at 20.

¶17     The District Court stated at the sentencing hearing that it thoroughly had considered the record before it sentenced Gallmeier. The record included the pre-sentence investigation, multiple psychological reports and DPHHS competency reports, and Gallmeier's correspondence. The record also included the State's sentencing memorandum, which discussed the court's duties and the relevant considerations under §§ 46-14-311 and 312,

6

MCA. The State and Gallmeier also discussed the relevant statutes at the sentencing hearing. They debated whether Gallmeier appreciated the criminality of her behavior and was able to conform her behavior to the law. Section 46-14-311, MCA. Gallmeier admitted during the hearing that she knew at the time that she had committed the robbery that her actions were wrong.

¶18 Gallmeier's only witness at the sentencing hearing was Dr. Davis. He testified that Gallmeier "probably" suffered from a mental defect at the time of the robbery. Dr. Davis stated that he had not conducted an evaluation of Gallmeier with regard to whether she could conform her actions to the law. Dr. Davis also stated that he would be speculating as to whether Gallmeier could appreciate the criminality of her behavior.

¶19 The District Court concluded that Gallmeier's mental illness had not influenced her behavior "to the degree that defense counsel is arguing that would find it more appropriate to send her to the mental institution." The District Court explained its reasons for the sentence on the record at the sentencing hearing and in its sentencing order. The District Court emphasized Gallmeier's deliberate actions in planning the crime, her attempt to conceal her identity during the robbery, and her actions during the period after the robbery and before her arrest. The District Court's reasons for the sentence all pointed to Gallmeier's understanding of the criminality of her behavior and her ability to conform her behavior to the law. Section 46-14-311, MCA.

¶20 We will not disturb a district court's conclusion as to mental disease or defect unless it is unsupported by the record. *State v. Pittman*, 2005 MT 70, ¶ 42, 326 Mont. 324, 109 P.3d

7

237. The record establishes that Gallmeier did not meet her burden of proving to the District Court that she suffered from the type of mental disease or defect defined in § 46-14-311, MCA. *Rathbun*, ¶ 15. The record also indicates that the District Court independently evaluated Gallmeier's mental condition and took into account the appropriate statutory factors. *Korell*, 213 Mont. at 338, 690 P.2d at 1004; *Raty*, 214 Mont. at 119, 692 P.2d at 20. The District Court did not abuse its discretion when it sentenced Gallmeier to prison rather than to DPHHS. *Burke*, ¶ 11.

¶21    Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON