DA 09-0461

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 452

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

MARK ALAN BROWN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 2008-163
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Edmund F. Sheehy, Jr., Regional Deputy Public Defender,
Missoula, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General, Mark W. Mattioli,
Assistant Attorney General, Helena, Montana

          George H. Corn, Ravalli County Attorney, T. Geoffrey Mahar, Deputy
County Attorney, Hamilton, Montana

Submitted on Briefs:  November 25, 2009

Decided:  December 31, 2009

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Mark Brown pled guilty in the District Court for the Twenty-First Judicial District, Ravalli County, to the charge of driving under the influence, a felony. As a condition of his suspended sentence, the court ordered that Brown reimburse the State for the costs of his court-appointed counsel by making payments to the Ravalli County Clerk of Court. Brown appeals this portion of his sentence. We affirm.

¶2 The issue on appeal, as rephrased by this Court, is: Did the District Court err when it ordered Brown to reimburse the State for the cost of his court-appointed counsel by making payments to the Ravalli County Clerk of Court rather than the Office of the State Public Defender (OSPD)?

### Factual and Procedural Background

¶3 On November 28, 2008, Brown was charged by Information with Driving Under the Influence of Alcohol or Drugs (DUI) in violation of § 61-8-401, MCA. Because this was Brown's fourth offense, the charge was raised to a felony. Brown originally pled not guilty, but, pursuant to a plea agreement, he eventually pled guilty to the charge.

¶4 At the June 24, 2009 sentencing hearing, the court ordered that Brown be committed to the Department of Corrections for thirteen months to be followed by a five-year suspended sentence. Because the court determined that Brown had the ability to pay his attorney's fees, it ordered the OSPD to calculate the amount of attorney's fees and that those fees should be paid through the Clerk of Court at a rate set by Brown's probation officer. The following exchange then took place between the court and Brown's counsel:

MS. JOHNS [Brown's counsel]: Objection, Your Honor, to the Clerk of Court?

THE COURT: The payments will be paid to the Clerk of Court, who in turn will keep a record of those and send them to the [OSPD].

MS. JOHNS: It's my understanding that those are to be paid directly to the [OSPD].

THE COURT: Well, that's not my understanding. They are payable to the [OSPD]. There's no reason they cannot or should not be paid through the Office of the Clerk of District Court. We have no way of knowing whether they were paid; and if so, how much, unless they are paid through the clerk. They will maintain an independent record.

MS. JOHNS: Would there be an order regarding the distribution of amounts paid. I understand that the Clerk of Court, there's a set order as to how his payments are to be disbursed for certain fees and fines.

THE COURT: How they allocate the payments as to what he owes should be governed by statutes. You are welcome to have input with the clerk as to how they do that, but I believe that's all set by law.

Thereafter, in its written Judgment and Commitment, the District Court stated:

The Defendant will reimburse the State of Montana $500.00 for the cost of his Court-appointed attorney. All payments will be made by money order or cashiers check and sent to the Ravalli County Clerk of District Court, 205 Bedford, Suite D, Hamilton, MT 59840, who in turn will keep a record of these payments and forward them to the [OSPD].

¶5     Brown now appeals this condition of his sentence.

## Standard of Review

¶6     The interpretation and construction of a statute is a matter of law which we review de novo to determine whether the district court's interpretation and construction of the statute is correct. *State v. Weaver*, 2008 MT 86, ¶ 10, 342 Mont. 196, 179 P.3d 534

(citing *Miller v. Eighteenth Judicial Dist. Court,* 2007 MT 149, ¶ 22, 337 Mont. 488, 162 P.3d 121; *Thompson v. State,* 2007 MT 185, ¶ 14, 338 Mont. 511, 167 P.3d 867).

**Discussion**

¶7 *Did the District Court err when it ordered Brown to reimburse the State for the cost of his court-appointed counsel by making payments to the Ravalli County Clerk of Court rather than the OSPD?*

¶8 Brown contends on appeal that the District Court had no statutory authority to order repayment of attorney's fees to the Clerk of Court, and that repayment must be made, instead, directly to the OSPD. Brown's ability to pay the $500 in attorney's fees is not disputed. Rather, Brown argues that the court's order "is contrary to the mandatory language" of § 46-8-114, MCA, which provides:

> **Time and method of payment.** When a defendant is sentenced to pay the costs of assigned counsel pursuant to 46-8-113, the court may order payment to be made within a specified period of time or in specified installments. *Payments must be made to the office of state public defender*, provided for in 47-1-201, and deposited in the account established in 47-1-110 [the public defender account in the State special revenue fund]. [Emphasis added.]

¶9 The State argues that Brown relies on § 46-8-114, MCA, in isolation, while ignoring other statutory provisions that provide district courts with authority to order payments to be paid through their clerks of court. The State contends that district courts have the authority to use their own clerks of court to monitor and transmit court-ordered payments, including payments to the OSPD. To that end, the State relies on the following statutory provisions:

> When a defendant who is sentenced to pay the costs of assigned counsel defaults in payment of the costs or of any installment, the court on motion of the prosecutor or on its own motion *may require the defendant to show*

4

*cause why the default should not be treated as contempt of court and may issue a show cause citation or an arrest warrant requiring the defendant's appearance.*

Section 46-8-115(1), MCA (emphasis added).

Except as otherwise provided in 46-18-236(7)(b) and this section, if a defendant is subject to payment of restitution and any combination of fines, costs, charges under the provisions of 46-18-236, or other payments, 50% of all money collected from the defendant must be applied to payment of restitution and the balance must be applied to other payments in the following order:
    (a)  payment of charges imposed pursuant to 46-18-236;
    (b)  payment of supervisory fees imposed pursuant to 46-23-1031;
    (c)  payment of costs imposed pursuant to 46-18-232 or 46-18-233;
    (d)  payment of fines imposed pursuant to 46-18-231 or 46-18-233;
and
    (e)  any other payments ordered by the court.

Section 46-18-251(2), MCA,

¶10    This Court's rules of statutory construction require consideration and application of all three statutes if possible. A presumption exists that the Legislature does not pass meaningless legislation; accordingly, this Court must harmonize statutes relating to the same subject, as much as possible, giving effect to each. *Oster v. Valley County*, 2006 MT 180, ¶ 17, 333 Mont. 76, 140 P.3d 1079 (citing *Chain v. Montana Dept. of Motor Vehicles*, 2001 MT 224, ¶ 15, 306 Mont. 491, 36 P.3d 358). This Court also presumes that the Legislature acted with deliberation and with full knowledge of all existing laws on a subject. *State v. Brendal*, 2009 MT 236, ¶ 18, 351 Mont. 395, 213 P.3d 448 (citing *Ross v. City of Great Falls*, 1998 MT 276, ¶ 17, 291 Mont. 377, 967 P.2d 1103).

¶11    In the case *sub judice*, the plain language of § 46-8-114, MCA, demonstrates a legislative intent that funds intended for the reimbursement of a court-appointed attorney

5

be deposited, without allocation to other fees and costs, into the public defender account in the State special revenue fund. If the Legislature had wanted to make the reimbursement of court-appointed attorney's fees subject to § 46-18-251(2), MCA, it would not have used the language that it did in § 46-8-114, MCA.

¶12 Consequently, we agree with Brown that the OSPD statutory scheme prevails over the more general statutes pertaining to clerks of court. *See State v. Oie*, 2007 MT 328, ¶ 17, 340 Mont. 205, 174 P.3d 937 (citing § 1-2-102, MCA ("When a general and particular provision are inconsistent, the latter is paramount to the former, so a particular intent will control a general one that is inconsistent with it.")). That is not to say, however, that, in this case, the various statutes cited by the parties cannot be reconciled to give effect to all as the State suggests. *See Brendal*, ¶ 29 (citing § 1-2-101, MCA ("Where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all.")).

¶13 While we conclude in the instant case that the District Court was not prohibited under our statutory scheme from ordering payments to be made to the Clerk of Court in order for the court to monitor whether Brown indeed made the required payments, we also point out that there are other options available to sentencing courts. As Brown points out in his brief on appeal, since the reimbursement of court-appointed attorney's fees was made a condition of his probation, Brown's probation officer could have monitored whether Brown was making the payments as required. In addition, if the court or the prosecution required, there was nothing preventing OSPD from advising them when or if it had not received payment.

¶14    Nevertheless, we hold that the District Court did not err in requiring Brown to reimburse the State for the cost of his court-appointed counsel by making payments to the Clerk of Court rather than the OSPD.  However, we further hold that because of the specific OSPD statutes, § 46-8-114, MCA, in particular, the clerk cannot allocate those funds as provided in § 46-18-251(2), MCA.  Instead, the clerk must transmit all of the funds earmarked as reimbursement for court-appointed counsel to the OSPD and the OSPD must deposit those funds into its trust account in the State special revenue fund as provided in § 47-1-110(2)(a), MCA.

¶15    Affirmed.

/S/ JAMES C. NELSON

We concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE

7