DA 09-0502

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 110

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

LEONARD LEROY ROBERTS,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 05-173
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Robin A. Meguire, Attorney at Law, Great Falls, Montana

       For Appellee:

       Hon. Steve Bullock, Montana Attorney General; John Allan Paulson,
Assistant Attorney General, Helena, Montana

       George H. Corn, Ravalli County Attorney; T. Geoffrey Mahar, Deputy
County Attorney, Hamilton, Montana

Submitted on Briefs:  April 21, 2010

Decided:  May 18, 2010

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Roberts appeals from the District Court's order revoking his suspended sentence. We affirm.

¶2    Roberts presents the following issues for review:

¶3    Issue 1:  Whether the District Court was authorized upon revocation of a suspended sentence to impose a 15-year commitment to the Department of Corrections with no time suspended.

¶4    Issue 2:  Whether the District Court improperly considered Roberts' marijuana use in the dispositional proceeding.

**BACKGROUND**

¶5    In October, 2005, Roberts was charged by information with felony DUI (his eleventh DUI offense), felony criminal endangerment, expired registration, and driving with a suspended or revoked license.  At the time of the offenses Roberts was on probation from his tenth DUI conviction, a felony.  In March, 2006, Roberts pled guilty to the charges, and in April, 2006, the District Court sentenced him to the Department of Corrections for 5 years suspended on the DUI charge; 10 years suspended on the criminal endangerment to run consecutively to the sentence for the DUI; a $500 fine for the expired registration, suspended; and 6 months suspended on the driving with a suspended license to run concurrently with the other sentences.  Those sentences were consecutive to Roberts' then-outstanding sentence on his tenth DUI conviction.  On December 17,

2

2008, Roberts discharged the sentence from the tenth DUI and began serving the 15-year suspended sentence imposed in April, 2006.

¶6    In April, 2009 the State filed a petition for revocation of Roberts' 2006 suspended sentence, based upon the affidavit of his probation officer that Roberts submitted an adulterated urine sample and admitted to drinking alcohol. Roberts appeared and denied the allegations of the petition. The probation officer filed an additional affidavit of probation violation alleging that Roberts' urine sample had tested positive for marijuana use. The State did not file a separate petition to revoke based upon that conduct. In June, 2009, the District Court conducted an evidentiary hearing on the petition to revoke and found that Roberts had committed the violations as alleged. On June 24, 2009, the District Court conducted a disposition hearing, revoked Roberts' probation, and committed him to the Department of Corrections for 15 years, with no time suspended. The District Court filed written judgment on July 9, 2009, and Roberts appeals.

**STANDARDS OF REVIEW**

¶7    This Court reviews a criminal sentence greater than one year for legality only. *State v. Hernandez*, 2009 MT 341, ¶ 3, 353 Mont. 111, 220 P.3d. 25. This Court reviews a district court's construction of a statute de novo to determine whether it is correct. *State v. Brown*, 2009 MT 452, ¶ 6, 354 Mont. 329, 223 P.3d 874. Issues of constitutional law are subject to plenary review. *State v. West*, 2008 MT 338, ¶ 13, 346 Mont. 244, 194 P.3d 683. A district court's conclusions of law are reviewed to determine whether they are correct. *State v. Michaud*, 2008 MT 88, ¶ 15, 342 Mont. 244, 180 P.3d 636. A decision to revoke a suspended sentence is reviewed for an abuse of discretion. *State v.*

3

*Boulton*, 2006 MT 170, ¶ 10, 332 Mont. 538, 140 P.3d 482; *State v. Burke*, 2005 MT 250, ¶ 11, 329 Mont. 1, 122 P.3d 427.

**DISCUSSION**

¶8 *Issue 1: Whether the District Court was authorized upon revocation of a suspended sentence to impose a 15-year commitment to the Department of Corrections with no time suspended.* Roberts contends that because the District Court committed him to the Department of Corrections for the probation violations, all but the first 5 years of the commitment should have been suspended as provided in § 46-18-201(3)(a)(iv)(A), MCA. That statute provides that "[w]henever a person has been found guilty of an offense" upon a verdict or a plea, the sentence may include commitment to the Department of Corrections but that "all but the first five years of the commitment . . . must be suspended . . . ."

¶9 The State contends that § 46-18-201(3)(a)(iv)(A), MCA, only applies to the original sentence following a verdict or plea of guilty, and that sentencing options following a finding that the offender has violated the terms of a suspended sentence are governed by § 46-18-203(7), MCA. That section allows the district court, after finding a violation of the terms of a suspended sentence, to continue the suspended sentence without change; to continue the suspended sentence but with modified or additional terms; or to "revoke the suspended sentence and require the offender to serve either the sentence imposed or any sentence that could have been imposed that does not require a longer imprisonment or commitment term than the original sentence."

4

¶10 We construe statutes to ascertain legislative intent, and interpret a statute by first looking to its plain language. If the language is clear and unambiguous no further interpretation is required. *State v. Letasky*, 2007 MT 51, ¶ 11, 336 Mont. 178, 152 P.3d 1288.

¶11 The two statutes at issue apply to two distinct situations. Section 46-18-201(3)(a)(iv)(A), MCA applies to the initial sentence imposed after conviction of a crime upon a verdict or plea. *State v. Strong*, 2009 MT 65, ¶¶ 20-22, 349 Mont. 417, 203 P.3d 848. That statute "governs the form of a criminal sentence." *Strong*, ¶ 20.

¶12 By contrast, § 46-18-203(7), MCA, applies later when the district court has found that the offender has violated the terms of the original suspended sentence imposed under § 46-18-201(3)(a)(iv)(A), MCA. The revocation of a suspended sentence is "particularly and expressly governed" by § 46-18-203, MCA, *State v. Seals*, 2007 MT 71, ¶ 15, 336 Mont. 416, 156 P.3d 15, and that statute defines the district court's options in a revocation proceeding. *Letasky,* ¶¶ 16-17. A district court has "broad discretion" under the revocation statute. *Burke*, ¶ 13.

¶13 Unlike the initial criminal proceedings against an accused, a probation violation proceeding is civil. *Boulton*, ¶ 16. Probation revocation is not based upon the conduct that constituted the original crime, but upon later conduct that constitutes a violation of the conditions of a suspended sentence. *State v. Walker*, 2001 MT 170, ¶ 15, 306 Mont. 159, 30 P.3d 1099.

¶14 Sections 46-18-201 and -203, MCA, are distinct statutory provisions applying to two distinct situations. There is nothing in the terms of either statute that makes § 46-18-

5

201(3)(a)(iv)(A), MCA, applicable to probation revocation proceedings under § 46-18-203, MCA. Therefore, we conclude that a district court determining the sanction to be imposed after a revocation of probation is governed by § 46-18-203(7), MCA, and not by § 46-18-201, MCA.[1] The District Court was within its discretion to commit Roberts to the Department of Corrections for 15 years with no time suspended after finding that he had violated the conditions of his suspended sentence.

¶15 *Issue 2: Whether the District Court improperly considered Roberts' marijuana use in the dispositional proceeding.* Roberts contends that the District Court improperly revoked his suspended sentence based upon the evidence of marijuana use contained in the probation officer's second affidavit.

¶16 Minimal requirements of due process apply to revocation hearings, which must afford "fundamental fairness." *State v. Triplett*, 2008 MT 360, ¶ 16, 346 Mont. 383, 195 P.3d 819; *State v. Kingery*, 239 Mont. 160, 167, 779 P.2d 495, 499 (1989). Roberts has not shown that there was a failure to follow any specific requirement of § 46-18-203(4), (5), or (6), MCA, which provides the outline of the procedure to be followed in probation revocation proceedings. *Kingery*, 239 Mont. at 167, 779 P.2d at 498.

¶17 Here the State filed a written petition to revoke the suspended sentence, and Roberts appeared in court to ask for additional time to respond. He subsequently appeared in court and denied the allegations of the petition. After an evidentiary hearing

---

[1] Roberts relies upon *State v. Quesnel*, 2009 MT 388, 353 Mont. 317, 220 P.3d 634, to support his argument. However, that case did not involve a probation revocation and did not consider the underlying issue in this case as to whether § 46-18-201 or -203, MCA, applied to revocation proceedings. And, the ultimate result of *Quesnel* was to uphold a 15-year DOC commitment with no time suspended.

6

the District Court found that Roberts committed the acts alleged in the petition to revoke, and found that he was in violation of the conditions of his probation. The actual petition for revocation was based upon the probation officer's allegations in an affidavit that Roberts provided an adulterated urine sample and that he admitted to alcohol use. It is clear from the record that the District Court, after hearing, based the decision to revoke upon a finding that the State had proven those two grounds as alleged in the petition. The District Court so stated in open court on the record and there is no showing that the decision to revoke was based on any other evidence.

¶18 There was a subsequent dispositional hearing at which time Roberts received the sentence he complains of. The revocation proceedings therefore met the applicable requirements of due process.

¶19 The allegation that Roberts tested positive for marijuana was not a ground for the State's petition to revoke, but was contained in a subsequent affidavit filed in the District Court record by the probation officer. Roberts had notice of the marijuana allegation for over five weeks prior to the hearing on the petition. Roberts did not ask for additional time to respond. More importantly, even though the allegation was in the record, the evidence of marijuana use was not used as a basis for finding a violation of the conditions of the suspended sentence. The two violations alleged in the State's petition and found by the District Court were sufficient in themselves to revoke the suspended sentence and impose the new sentence. *State v. Gillingham*, 2008 MT 38, ¶¶ 28-29, 341 Mont. 325, 176 P.3d 1075. The fact that the District Court mentioned the allegation of marijuana use

7

at the dispositional hearing does not affect the conclusion that the proceedings met the requirements of fundamental fairness and there was no abuse of discretion.

¶20   The District Court is affirmed.


                                        /S/ MIKE McGRATH


We concur:

/S/ PATRICIA O. COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BRIAN MORRIS