

DA 12-0256

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 224N

LEONARD ROBERTS,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV-11-727
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Leonard Roberts, (self-represented litigant); Shelby, Montana

      For Appellee:

      Steve Bullock, Montana Attorney General; Mark W. Mattioli,
Assistant Attorney General, Helena, Montana

      William Fulbright, Ravalli County Attorney, Hamilton, Montana

Submitted on Briefs:  September 19, 2012

Decided:  October 9, 2012

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Leonard Roberts appeals from an order from the District Court for the Twenty-First Judicial District, Ravalli County, denying his petition for postconviction relief. The issue on appeal is whether Roberts' petition was procedurally barred by § 46-21-102, MCA. We affirm.

¶3 In March of 2006, Roberts pled guilty to felony DUI (his eleventh DUI offense), felony criminal endangerment, driving a vehicle with an expired registration, and driving with a suspended or revoked license. At the time of the offenses Roberts was on probation from his tenth DUI conviction, a felony. The District Court sentenced him to the Department of Corrections for five years suspended on the DUI charge; ten years suspended on the criminal endangerment charge to run consecutively to the sentence for the DUI; a $500 fine for the expired registration, suspended; and six months suspended on the driving with a suspended license charge to run concurrently with the other sentences. Those sentences were consecutive to Roberts' then-outstanding sentence on his tenth DUI conviction. Roberts completed the sentence from his tenth DUI and began serving his fifteen-year suspended sentence on December 17, 2008.

2

¶4    In April of 2009, the State filed a petition for revocation of Roberts' suspended sentence. The District Court conducted an evidentiary hearing on the petition to revoke in June of that year and found that Roberts had violated the terms of his probation. The District Court revoked Roberts' probation after a dispositional hearing and committed him to the Department of Corrections for fifteen years, with no time suspended. Roberts appealed and we affirmed. *State v. Roberts*, 2010 MT 110, 356 Mont. 290, 233 P.3d 324.

¶5    In November of 2010, Roberts mailed a petition for postconviction relief to Montana's Attorney General and the Ravalli County Attorney. Roberts also mailed a copy of his petition to the District Court judge in September of 2011. He did not file his petition with the Ravalli County Clerk of Court, however, until December 8, 2011.

¶6    The District Court held that Roberts' petition for postconviction relief was procedurally barred by § 46-21-102, MCA, because he did not file his petition with the clerk of court within one year of his conviction becoming final. Because the court found that Roberts had made a good-faith attempt to raise his postconviction claims, however, it nonetheless reviewed Roberts' claims and found them to be without merit.

¶7    We have reviewed the record and hold that the District Court correctly determined that Roberts' petition for postconviction relief was procedurally barred by § 46-21-102, MCA. Section 46-21-103, MCA, provides that proceedings for postconviction relief are commenced by filing a petition with the clerk of the appropriate district court. Section 46-21-102, MCA, provides that the petition commencing postconviction proceedings must be filed within one year of the conviction becoming final. Roberts' conviction became final on September 21, 2010, meaning he had until September 21, 2011 to file his

3

petition with the Ravalli County Clerk. Although he apparently mailed copies of his petition to various State officials before the deadline, Roberts did not file his petition with the clerk of court until December 8, 2011, more than two months too late. Additionally, even though Roberts' petition is procedurally barred, we have reviewed the District Court's consideration of Roberts' petition on the merits and agree with the court's analysis.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. There clearly is sufficient evidence to support the District Court's findings of fact and conclusions of law.

¶9     Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE
/S/ BRIAN MORRIS